IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-60780
Summary Calendar
_____

KENNETH F. RABALAIS,

Plaintiff-Appellant,

versus

DAVID MARTINAZE; THOMAS L. POWELL; JOE MAC,
Sergeant; CORKIE HOEDA; GAIL, Nurse,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:96-CV-97-BrRR
--------------------
February 3, 2000

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Kenneth Rabalais, Mississippi prisoner # 49942, challenges a judgment in favor of defendants following a nonjury trial on his *in forma pauperis* 42 U.S.C. § 1983 lawsuit alleging cruel and unusual punishment, denial of medical needs, and denial of various amenities.

Rabalais first argues that he should have received a jury trial. He did not request a jury trial within ten days of filing

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his complaint, so he waived that right. FED. R. CIV. P. 38(b), (d). After waiver "the court in its discretion upon motion may order a trial by jury of any or all issues." FED. R. CIV. P. 39(b). Rabalais has not shown the district court abused its discretion in denying his tardy motion for a jury trial.

Rabalais challenges the district court's denial of appointed counsel. This ruling was not an abuse of discretion because Rabalais has not shown "exceptional circumstances" warranting the appointment of counsel in a civil rights lawsuit. Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)(citation and internal quotations omitted).

Rabalais maintains that the trial court erred in denying his motion to amend the witness and exhibit list. His motion was made more than three months after the Scheduling Deadline date. Under MISS UNIF. CT. R. 7.2(K), an untimely motion may be denied solely for that purpose. Moreover, Rabalais has not shown he was harmed by the failure to admit the requested witnesses and exhibits. His contention is without merit.

Rabalais asserts that court officials tampered with his witnesses to make them testify contrary to the truth. This allegation was not raised before the district court and runs counter to his assertions that the magistrate judge's bias was not intentional. The issue is facially frivolous.

Rabalais argues that the magistrate judge improperly failed to give perjury instructions to the witnesses before they testified, and as a result defense witnesses perjured themselves on the stand. The issue was not raised in the district court, so

review is for plain error.  <u>Douglass v. United Servs. Auto.</u> <u>Ass'n</u>, 79 F.3d 1415, 1428 (5th Cir. 1996)(en banc).  Rabalais's only evidence that perjury was committed was that defense witness testimony conflicted with his own.  This is more a challenge to credibility, which will not be disturbed by an appellate court. <u>Martin v. Thomas</u>, 973 F.2d 449, 453 n.3 (5th Cir. 1992).

Rabalais asserts that a default judgment should have been entered against defendant David Martinaze because he never filed an answer or appeared in the case.  Martinaze was never served. Although Rabalais was given a last known address for Martinaze by the defense, he did not try to serve Martinaze at that new address.  He has not shown that the court abused its discretion by failing to enter a default judgment and by dismissing Rabalais's claims against Martinaze.

Rabalais contends that the district court erred by failing to grant him a certificate of probable cause (CPC) and by failing to rule on his claim of double jeopardy.  A CPC is not necessary in a § 1983 cause of action.  To the extent Rabalais's double-jeopardy claim was properly before the court, there was no error in the failure to rule upon it because Rabalais had not shown that he had exhausted state remedies on this habeas issue.  <u>See</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 484, 488-97 (1973).

Rabalais also asserts that the district court's judgment against him was biased and contrary to the evidence presented at trial.  Rabalais has failed to provide a transcript, so the merits of his assertions cannot be reviewed.  <u>See</u> <u>Richardson v.</u> <u>Henry</u>, 902 F.2d 414, 416 (5th Cir. 1990).

Because Rabalais's appeal is without arguable merit, it is frivolous and must be dismissed.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).  This dismissal of a frivolous appeal constitutes one strike against him for purposes of 28 U.S.C. § 1915(g).  See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996).  If two other district court actions or appeals filed by Rabalais are dismissed as frivolous, he will be barred from bringing a civil action or appeal as a prisoner proceeding in forma pauperis unless he is under imminent danger of serious physical injury.  See § 1915(g).  Rabalais should review any pending complaints or appeals to ensure that they do not raise frivolous issues.

Rabalais has moved for leave to file an out-of-time reply brief.  This motion is GRANTED.

APPEAL DISMISSED AS FRIVOLOUS.  5TH CIR. R. 42.2.  MOTION GRANTED.