Ira JACKSON, Jr., Plaintiff-Appellant,

v.

DALLAS POLICE DEPARTMENT, et al., Defendants-Appellees.

No. 86–1401.

United States Court of Appeals, Fifth Circuit.

Oct. 17, 1986.

Ira Jackson, Jr., pro se.

Edwin P. Voss, Jr., Sam A. Lindsay, Asst. City Attys., Dallas, Tex., for defendants-appellees.

Before CLARK, Chief Judge, GARWOOD and HILL, Circuit Judges.

PER CURIAM:

IT IS ORDERED that appellant Ira Jackson's request for leave to appeal in forma pauperis is GRANTED. The judgment of the district court denying Jackson's request for appointment of counsel is AFFIRMED.

## I.

Jackson filed a section 1983 civil rights action against the city of Dallas and the Dallas Police Department. Jackson alleged that he was arrested without a warrant and incarcerated for more than twenty-four hours without being charged and without a probable cause determination. Although Jackson was allowed to proceed in forma pauperis, the district court denied his two motions for appointment of counsel. Jackson appeals the denial of his motion for appointed counsel. The district court denied Jackson's motion for leave to proceed on appeal in forma pauperis under Fed.R. App.P. 24(a) because it believed that the appeal was premature and not taken in good faith.

## II.

### A.

The ruling which denied Jackson's motion for appointment of counsel is appealable as a final order pursuant to 28 U.S.C. § 1291. *See Robbins v. Maggio*, 750 F.2d 405, 409–13 (5th Cir.1985); *Caston v. Sears, Roebuck & Co.*, 556 F.2d 1305, 1309 (5th Cir.1977). To proceed on appeal in forma pauperis, a litigant must be economically eligible, and his appeal must not be frivolous. 28 U.S.C. § 1915(a); *Howard v. King*, 707 F.2d 215, 219–20 (5th Cir.1983). Probable success on the merits need not be shown. The court only examines whether the appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Id.* at 220 (quoting *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967)). The existence of any nonfrivolous or colorable issue on appeal requires the court to grant the motion to proceed in forma pauperis. *Carson v. Polley*, 689 F.2d 562, 566 (5th Cir.1982).

The district court found that Jackson was economically eligible for in forma pauperis status. Unlike the district court, however, we do not feel that his appeal is frivolous. Whether or not the district court ruled correctly on his motion for appointment of counsel is worthy of appellate review under the circumstances of this case. Consequently, we grant Jackson's motion for leave to appeal in forma pauperis.

### B.

The only issue left before us is whether the district court properly denied Jackson's motion for appointment of counsel to assist him in pursuing his section 1983 claim. There is no automatic right to the appointment of counsel in a section 1983 case. *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625–26 (5th Cir. 1981). A district court is not required to appoint counsel unless the case presents "exceptional circumstances." *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982). "The existence of such circumstances will turn on the quality of two basic factors— the type and complexity of the case, and the abilities of the individual bringing it." *Id.* at 266 (footnote omitted).

A district court ruling on a request for appointed counsel is reviewed under the abuse of discretion standard. *Robbins*, 750 F.2d at 413. In *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir.1982), we laid out four

factors that a district court should consider in ruling on requests for appointed counsel:

(1) the type and complexity of the case;

(2) whether the indigent is capable of adequately presenting his case;

(3) whether the indigent is in a position to investigate adequately the case; and

(4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination.

*Id.* at 213 (citations omitted). The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case. *Id.* In its order denying Jackson's request for appointment of counsel, the district court stated that it had considered the *Ulmer* factors and felt that counsel should not be appointed.[1] The district court, however, did not present further findings explaining why Jackson's request for counsel was denied.

■ Normally, we would vacate the district court's denial of a request for counsel so that it could present specific findings explaining why counsel was denied. *See, e.g., Robbins,* 750 F.2d at 413; *Branch,* 686 F.2d at 267. In this case, however, we are convinced that a remand is unnecessary due to the clarity of the record. We have examined the record and are convinced that the district court did not abuse its discretion in denying Jackson's request for appointment of counsel.

Jackson contends that he was improperly arrested without a warrant and held for an excessive period without charges being filed against him. The section 1983 action that Jackson has filed involves issues that have been briefed and analyzed in numerous cases. *E.g., Dennis v. Warren,* 779 F.2d 245 (5th Cir.1985); *Armster v. City of Riverside,* 611 F.Supp. 103 (C.D.Cal.1985); *Chrisco v. Shafran,* 507 F.Supp. 1312 (D.Del.1981). While section 1983 cases are by their nature more complex than many other cases, *Branch* dictates that counsel must be appointed only in exceptional civil rights cases. This is not such a case.

Similarly, the record demonstrates that Jackson has done a very credible job in presenting motions and in filing supporting papers on behalf of his case. Jackson has filed ten different items ranging from his original complaint to the notice of appeal that brought this matter before this court. We are convinced that Jackson can adequately develop the facts and present his case in any further proceedings.

Finally, we cannot say at this point whether or not the evidence will consist in large part of conflicting testimony for which Jackson would require assistance of counsel. Our review of the record indicates that the evidence will consist primarily of official records and other documentary type evidence. The defendants have filed a motion for summary judgment, and we decline to express a view on the merits before they are properly before us.

With the *Ulmer* factors in mind, we are of the opinion that the record demonstrates that the district court did not abuse its discretion in denying Jackson's request for appointment of counsel. Thus, the district court's order must be affirmed.

### III.

■ Although we affirm the district court's order, our disposition of this case should not be seen as condoning the court's summary handling of Jackson's request for counsel. In considering motions for appointment of counsel in section 1983 cases, district courts should make specific findings on each of the *Ulmer* factors rather than deciding the motion in a conclusory manner. The failure to issue findings frustrates appellate review and cannot ordinarily be accepted. Thus, our disposition of this appeal should be seen as an exception to the preferred approach we set out above.

---

**1.** Specifically, the district court's order stated: "The court has considered the *Ulmer* factors and concludes, in its discretion, that counsel need not be appointed. *See Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir.1982)."