IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-50125
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER DEAL ALLISON,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-89-CR-014
- - - - - - - - - -
June 30, 1995

Before JONES, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Elmer Dean Allison has filed a motion with this court to proceed in forma pauperis (IFP). "To proceed on appeal in forma pauperis, a litigant must be economically eligible, and his appeal must not be frivolous." Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986) (citations omitted).

Allison appeals from the district court's denial of his "Motion Under Title 28 U.S.C. § 3572-73" to correct an "error" in his sentencing. In his appellant's brief, Allison makes clear

_____

[*] Local Rule 47.5 provides: "The publication of opinions that have no precedential value and merely decide particular cases on the basis of well-settled principles of law imposes needless expense on the public and burdens on the legal profession." Pursuant to that Rule, the court has determined that this opinion should not be published.

that he is relying upon "18 U.S.C. §§ 3572-73." Neither section, however, provides jurisdiction to the district court to consider such a motion.

Section 3572 provides, in relevant part, that a sentence to pay a fine is a final judgment for all purposes, unless it can be "(1) modified or remitted under section 3573; (2) corrected under rule 35 of the Federal Rules of Criminal Procedure and section 3742; or (3) appealed and modified under section 3742." 18 U.S.C. § 3572(c) (emphasis added). None of these subsections apply to Allison. A guidelines sentence may be modified under 18 U.S.C. § 3573 or Federal Rule of Criminal Procedure 35 only upon petition by the Government. 18 U.S.C. § 3573; Fed. R. Crim. P. 35(b). The provisions for modification of a sentence under 18 U.S.C. § 3742 are available to a defendant only upon direct appeal of a sentence or conviction; this court may not review his sentence on this non-direct appeal. See Williams v. United States, 112 S.Ct. 1112, 1118-21 (1992); United States v. Early, 27 F.3d 140, 142 (5th Cir.), cert. denied, 115 S. Ct. 600 (1994). Because the district court had no jurisdiction to entertain Allison's motion under either 18 U.S.C. § 3572 or § 3573, its denial was proper.

Allison's appeal does not raise a non-frivolous legal issue. Therefore, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. See 5th Cir. R. 42.2.