IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50142
USDC No. W-94-CV-354
_____

JAMES TYRONE RIGGS,

Plaintiff-Appellant,

versus

BRENT BUTTON, SHERIFF; HILL COUNTY,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
- - - - - - - - - -
June 20, 1996
Before HIGGINBOTHAM, DUHE' and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

James Tyrone Riggs, #646177, seeks in forma pauperis (IFP) status to appeal the district court's dismissal of his 28 U.S.C. § 1983 complaint. Riggs does not present an issue of arguable merit for appeal against Hill County because he failed to allege any specific facts showing how Hill County was directly involved in the alleged constitutional violation or that its policies caused the violation. Riggs' disagreement with the type of

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

medical treatment he received for injuries he does not describe as serious does not amount to a constitutional violation. Because Riggs has not shown that Button disregarded a substantial risk of serious harm, he failed to allege a constitutional violation, and the district court did not abuse its discretion by dismissing his complaint pursuant to § 1915(d).  See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991); Jackson v. Cain, 864 F.2d 1235, 1246 (5th Cir. 1989).

Having reviewed the record and the relevant law, we DENY the motion for IFP because this appeal does not involve legal points arguable on their merits.  Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).  Thus, the appeal is frivolous and is DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

Riggs appeal does not present "exceptional circumstances" that would require the appointment of counsel to apeal the dismissal of his civil rights suit.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982).  Riggs' motion for appointment of counsel to appeal the dismissal of his civil rights suit is DENIED.

MOTION FOR LEAVE TO PROCEED IFP DENIED.  APPEAL DISMISSED. MOTION FOR APPOINTMENT OF COUNSEL DENIED.