IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40259
Summary Calendar
_____

HERBERT FEIST EL,

                                        Plaintiff-Appellant,

versus

CITIZENS OF BEE COUNTY, TEXAS,
et al.,

                                        Defendants,

MICHAEL SAENZ, prison guard;
TAHANKA K. COLVINS, prison guard,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-93-CV-365
- - - - - - - - - -
August 30, 1996
Before HIGGINBOTHAM, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

    Herbert Feist El, No. 318012, appeals the magistrate judge's

dismissal of his 42 U.S.C. § 1983 action without prejudice for

lack of prosecution.  He contends that the magistrate judge erred

by dismissing his complaint for failure to prosecute.  The

magistrate judge did not abuse his discretion in dismissing the

_____

        [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

action for failure to prosecute.  See Berry v. CIGNA/RSI-CIGNA, 975 F.2d 1188, 1190-91 (5th Cir. 1992).  Feist El argues that the magistrate judge erred by dismissing the unserved defendants in his action.  Because Feist El did not give the proper address for service of these defendants, the magistrate judge did not err by dismissing them.  Feist El contends that the magistrate judge erred by failing to require the defendants to abide by track two for discovery purposes.  This issue is without merit as the record does not support the factual elements of Feist El's argument.

Feist El argues that the district court judge erred by consolidating his three actions into one § 1983 suit.  The district court judge did not abuse its discretion by consolidating his cases as the lawsuits involved the same incidents and common questions of law and fact.  Dillard v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 961 F.2d 1148, 1161 (5th Cir. 1992), cert. denied, 506 U.S. 1079 (1993).  Feist El asserts that the district court erred by dismissing some of his claims described in his three § 1983 actions prior to their consolidation.  Because Feist El has failed to properly brief the issue on appeal, he has abandoned it.  Brinkmann v. Abner, 813 F.2d 744, 748 (5th Cir. 1987).  Feist El argues he was denied the opportunity to appeal the rulings it made during the hearing held pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).  Feist El is using the proper avenue to appeal any adverse rulings

in the Spears hearing by pursuing this appeal.

Feist El argues that the district court failed to timely give an appeal number in his case. This court, not the district court, assigns appeal numbers. Because Feist El's factual allegations are faulty, this issue is without merit. Feist El asserts that the district court clerk failed to properly perform his duties by constantly mailing the wrong documents to other inmates and by not presenting his documents to the court in a timely fashion. Feist El has abandoned this issue on appeal because he has not adequately briefed it. See Brinkmann, 813 F.2d at 748.

Feist El argues that the magistrate judge failed to timely rule on the pretrial motions he filed. The record does not support the factual allegations of this claim. Feist El argues that the district court tricked him into consenting to proceed before a magistrate judge so he would not be able to obtain a jury trial. Magistrate judges may conduct jury trials. See 28 U.S.C. § 636(c)(1). Feist El argues that the magistrate judge erred by denying his motion for appointment of counsel. Feist El has not demonstrated that his case presents exceptional circumstances that would entitle him to appointed counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). Feist El argues for the first time on appeal that he is being harassed by the defendants and their agents in retaliation for filing this action. This claim does not rise to the level of

plain error.  See Robertson v. Plano, 70 F.3d 21, 23 (5th Cir. 1995).

Feist El's motion for appointment of counsel is DENIED as unnecessary.

AFFIRMED.