IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10634
(Summary Calendar)
_____

TRACY HICKS,

                                                  Plaintiff-Appellant,

versus

JOHNSON COUNTY LAW ENFORCEMENT CTR.;
JOHNSON COUNTY SHERIFF DEP'T; POLICE OFFICER
HOPKINS; WALLS REG'L HOSP.; JOHN DOE, Nurse;
LISA M. POWELL, Assistant Dist. Attorney,

                                                  Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 4:97-CV-265-Y)
- - - - - - - - - -
December 11, 1997
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Tracy Hicks (#673001), a state prisoner, has appealed the
district court's dismissal of his civil right complaint as
frivolous and the denial of his two motions for reconsideration and
his motion for appointment of counsel.  Hicks argues that the
district court improperly resolved a disputed issue of fact in
holding that his complaint is time-barred--the date upon which he
discovered the facts underlying his constitutional claim.  For

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reasons expressed in the district court's order denying the first motion for reconsideration, we hold that the district court did not abuse its discretion by resolving disputed issues of fact in holding that Hicks's claims are time barred. See Hicks v. Johnson County Law Enforcement Center, et al., No. 4:97-CV-265-Y (N.D. Tex. Apr. 30, 1997) (unpublished); Hicks v. Johnson County Law Enforcement Center, et al., No. 4:97-CV-265-Y (N.D. Tex. May 28, 1997) (unpublished).

Hicks also contends that the running of the limitations period was tolled by the pendency of his state habeas cases. It is unclear whether the blood sample at issue was used as evidence against Hicks in his state criminal case. If not, the pendency of Hicks's state habeas cases would not have tolled the running of the limitations period. If the blood sample was used to obtain the criminal conviction, as the district court correctly reasoned, the constitutionality of the seizure of the sample would implicate the validity of Hicks's conviction. See Hicks v. Johnson County Law Enforcement Center, et al., No. 4:97-CV-265-Y (N.D. Tex. July 8, 1997) (applying Heck v. Humphrey, 512 U.S. 477, 486 (1994)). Because Hicks does not contend that his efforts to obtain habeas relief were successful, Hicks has not satisfied the prerequisites for filing a claim under the rule in Heck, and the district court did not abuse its discretion in determining that the complaint is legally frivolous. Boyd v. Biggers, 31 F.3d 279, 283 (5th Cir. 1994).

2

Hicks contends that the district court erred in refusing to appoint counsel. There is no automatic right to appointment of counsel in a civil rights case. Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). The district court has the discretion to appoint counsel if doing so would advance the proper administration of justice. Id.; 28 U.S.C. § 1915(e)(1). This court reviews the denial of appointment of counsel for abuse of discretion. Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). Because the district court had already entered dispositive orders, appointment of counsel would not have advanced the administration of justice and the district court did not abuse its discretion in denying the motion for appointment of counsel.

Hicks has moved the court for leave to supplement the record with an exhibit which Hicks contends will establish that defendant Lisa Powell is not entitled to immunity. The district court did not dispose of the case on grounds of immunity. The proposed exhibit is not pertinent to any issue in this appeal. The motion for leave to supplement the record is DENIED.

The appeal is frivolous and must be DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2. We caution Hicks that any additional frivolous appeals filed by him will invite the imposition of sanctions. To avoid sanctions, Hicks is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; MOTION FOR LEAVE TO SUPPLEMENT THE RECORD DENIED; SANCTION WARNING ISSUED.