Joseph IVY; Stevens and Gail Marie; Stevens, Plaintiffs,

v.

James L. MASON, et al., Defendants.

Civil No. 98–0151–E–BLW.

United States District Court, D. Idaho.

Oct. 19, 1998.

Joseph Ivy Stevens, Medimont, ID, pro se.

Gail Marie Stevens, Medimont, ID, pro se.

Richard R. Ward, U.S. Dept of Justice, Tax Division, Washington, DC, for James L. Mason, Walter L. Hutton, Joseph E. Carlson, Timothy A. Towns, Deborah S. Decker, Greg Morgan, Randy K. Harper, K.D. Matson, John Does 1–25, Jane Does 1–25.

Dennis M. Davis, Mark A. Ellingsen, Witherspoon Kelley Davenport & Toole, Coeur d'Alene, ID, for First Security Bank of Idaho, N.A., Mike Dressen.

Dennis M Davis, Mark A Ellingsen, (See above), for Mike Dressen, in his personal, capacity, defendant.

Alva A. Harris, Shelley, ID, for David C. Ledbetter, Patricia A. Ledbetter.

R. Wayne Sweney, Lukins & Annis, Coeur d'Alene, ID, for Washington Trust Bank, Richard Shand.

John Magel, Elam & Burke, Boise, ID, for U.S. Bank.

## MEMORANDUM DECISION AND ORDER

WINMILL, District Judge.

The Court has before it two motions to dismiss, each filed by a separate group of defendants to this action. In addition, the Court has before it a motion for sanctions filed by Defendants First Security Bank of Idaho, N.A., and Michael Dressen ("the First Security Bank Defendants") and Plaintiffs' motion to proceed in forma pauperis on appeal. Oral argument is not required to resolve the motions. The Court has considered all of the motions and now enters the following Memorandum Decision and Order.

### MEMORANDUM DECISION

Plaintiffs Joseph Ivy; Stevens and Gail Marie; Stevens, residents of the State of Idaho, brought this action pro se against various employees of the Internal Revenue Service ("IRS"), banks, bank employees, and other citizens alleging violations of their rights under the Fourth and Fifth Amendments of the Constitution of the United States. Although the complaint is difficult to understand, it appears that Plaintiffs trace their constitutional grievances to efforts by the IRS to seize Plaintiffs' property in satisfaction of tax liabilities. Plaintiffs sued the banks and their employees for somehow aiding and abetting the IRS in these collection efforts. Plaintiffs' overriding contention appears to be that they had no tax liability because they never signed a contract granting the IRS, or the United States for that matter, jurisdiction over them.

Three defendants, or groups of defendants, earlier filed separate motions to dismiss Plaintiffs' claims against them, which the Court granted. The remaining defendants have now filed motions to dismiss, which the Court will now address.

### Motions to Dismiss

The Court earlier granted the motions to dismiss of defendant banks and bank employees based upon Plaintiffs' failure to allege that those defendants engaged in any conduct that may be considered "state action." Plaintiffs' allegations against the remaining defendants, the First Security Bank Defen-dants and David and Patricia Ledbetter, have the same fatal flaw.

As the Court previously recited, "[a] threshold requirement of any constitutional claim is the presence of state action." *Duffield v. Robertson Stephens & Co.*, 144 F.3d 1182, 1200 (9th Cir.1998). The conduct of private parties may be considered "state action" if that conduct is " 'fairly attributable' " to the state. *Id.* (quoting *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982)). A private action may be "fairly attributable" to the state in one of three ways:

First, [t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State. . . . The complaining party must also show that there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action may fairly be treated as that of the State itself. The purpose of this requirement is to assure that constitutional standards are invoked only when it can be said that the State is responsible for the specific conduct of which the plaintiff complains. . . .

Second, . . . a State normally can be held responsible for a private decision only when it has exercised coercive power or has provided such significant encouragement, either overt or covert, that the choice must in law be deemed that of the State. Mere approval or acquiescence in the initiatives or [sic] a private party is not sufficient to justify holding the State responsible for those initiatives. . . .

Third, the required nexus may be present if the private party has exercised powers that are traditionally the exclusive prerogative of the State.

*Id.* (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004–05, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (internal quotations and citations omitted)).

■ Plaintiffs bear the burden of establishing the elements of their claims. Even when faced with the Court's prior ruling on the state-action issue and additional motions to dismiss on state-action grounds, Plaintiffs failed to attempt to amend their complaint

against the remaining defendants to allege state action and chose to set forth no facts or argument at all supporting the existence of state action on the part of those defendants. Thus, they have failed to state a viable claim against them.

Moreover, the Court cannot imagine that Plaintiffs could cure this deficiency through an amendment to their complaint. Again, the Ninth Circuit has "never recognized a constitutional violation arising from the collection of taxes." *Wages v. Internal Revenue Service,* 915 F.2d 1230, 1235. This is so, in part, because the constitutional rights of taxpayers are adequately safeguarded by their right to challenge an assessment in court after it has been levied. *See id.* Apart from these legal obstacles, the Court finds it highly improbable that Plaintiffs can in good faith submit factual allegations amounting to "state action."

For these reasons, the motions to dismiss of the First Security Bank Defendants and of David and Patricia Ledbetter will be granted.

### Motion for Sanctions

■ The First Security Bank Defendants seek sanctions against Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure on the grounds that Plaintiffs' complaint is frivolous and interposed for the purpose of harassment. As it did in granting an identical motion for sanctions filed by other defendants, the Court agrees that Plaintiffs' claims are utterly without legal merit and finds them to be based upon unreasonable views of the doctrine of federalism, which are unsupported by any credible interpretation of the Constitution. Plaintiffs' pro se status does not shield them from Rule 11 sanctions for pursuing claims that are neither warranted by existing law nor based upon a good faith argument for modification or reversal of existing law. Accordingly, the First Security Bank Defendants' motion for sanctions will be granted, and sanctions shall be awarded to the movants in the amount of the costs and attorney fees incurred in defending this action. The First Security Bank Defendants shall within 14 days from the date of this Order submit an affidavit detailing those costs and fees. Plaintiffs shall have 14 days

to object to the submission. Thereafter, the Court will enter an appropriate award.

### Motion to Proceed In Forma Pauperis on Appeal

■ Plaintiffs have moved to proceed in forma pauperis on appeal. Although the motion was premature because it was filed prior to the entry of final judgment, the Court will nonetheless address it now since it will this day issue such a judgment. To proceed on appeal in forma pauperis, 28 U.S.C. § 1915(a)(1) requires that a litigant's appeal not be frivolous. *See Jackson v. Dallas Police Dep't,* 811 F.2d 260, 261 (5th Cir.1986). The litigant need not show probable success on the merits, but the appeal must involve legal points arguable on their merits and therefore not frivolous. *See id.* "The existence of any nonfrivolous or colorable issue on appeal requires the court to grant the motion to proceed in forma pauperis." *Id.* The Court has already determined Plaintiffs' claims to be frivolous. Thus, the motion to proceed in forma pauperis on appeal must be denied.

As a final matter, the Court notes that the Washington Trust Bank Defendants have complied with its order requiring submission of an affidavit of attorney fees incurred in defending this action in order to determine an appropriate award of sanctions against Plaintiffs. The Court concludes that the amount sought, $2,254.50, is reasonable both in terms of hours expended and the hourly rate claimed. Accordingly, sanctions are awarded to the Washington Trust Bank Defendants in that amount.

### ORDER

In accordance with the views expressed in the above Memorandum Decision,

NOW THEREFORE IT IS HEREBY ORDERED, that Defendants' motions to dismiss (Docket Nos. 66 and 69) shall be, and the same are hereby, GRANTED. Plaintiffs' claims against those Defendants are DISMISSED with prejudice in their entirety.

IT IS FURTHER ORDERED, that Plaintiffs' motion to proceed in forma pauperis on

appeal (Docket No. 63) shall be, and the same is hereby, DENIED.

IT IS FURTHER ORDERED, that the First Security Bank Defendants' motion for sanctions against Plaintiffs (Docket No. 68) shall be, and the same is hereby, GRANTED. The First Security Bank Defendants will be awarded their costs and fees incurred in defending this action. They shall submit an affidavit of such costs and fees within 14 days from the date of this Order. Plaintiffs shall then have 14 days to object to the submission. The Court will thereafter enter an appropriate award.

IT IS FURTHER ORDERED, that the Washington Trust Bank Defendants are awarded sanctions against Plaintiffs pursuant to Rule 11 of the Federal Rules of Civil Procedure in the amount of $2,254.50.