# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————————————

## No. 98-60708
### Summary Calendar

———————————————

### CHARLES SMITH,

Plaintiff-Appellant,

### versus

### TIM RILEY, ET AL.,

Defendants,

### WILLIE L. BROWN; JOHN R. HAYWOOD;
### ROBERT LAWRENCE; ANTHONY STANLEY;
### MARGARET LITTLE; LINDA DORSEY,

Defendants-Appellees.

———————————————————————————————————

## Appeal from the United States District Court
### for the Northern District of Mississippi
### (4:95-CV-19-S-B)

———————————————————————————————————

October 7, 1999

Before HIGGINBOTHAM, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[1]

Charles Smith, Mississippi prisoner # 91945, appeals *pro se* and *in forma pauperis* a judgment in favor of the Defendants-Appellees following a two-day jury trial in October 1998 in this 42 U.S.C. § 1983 action, in which Smith claimed that prison guards used excessive force, conspired against him, and delayed in giving him medical care.

For the six Defendants, the case went to the jury as to three on the excessive force issue. The jury found against two of the three

———

[1]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

as to liability; but, as to those two, found that Smith should not recover damages.

The majority of Smith's contentions, regarding trial proceedings and the sufficiency of the evidence, are not reviewable, because Smith did not include the trial transcript in the record on appeal (appellant's duty to provide transcript of all relevant evidence to support his appellate argument).  *See* FED. R. APP. P. 10(b)(2); **Powell v. Estelle**, 959 F.2d 22, 26 (5th Cir.), *cert. denied*, 506 U.S. 1025 (1992); **Richardson v. Henry**, 902 F.2d 414, 416 (5th Cir.), *cert. denied*, 498 U.S. 901 (1990), *and* 498 U.S. 1069 (1991).[2]

Smith challenges the district court's denial of appointed counsel.  That ruling was not an abuse of discretion because Smith has not shown "exceptional circumstances" warranting such appointment for a civil rights action.  **Jackson v. Dallas Police Dep't**, 811 F.2d 260, 261 (5th Cir. 1986) (internal quotation marks and citation omitted).[3]

Smith asserts that the district court erred by delaying in sending him notice that the trial date had been changed by two days. He has not shown, however, that he was prejudiced by the change or that it affected his rights in any way.  Because Smith has failed to

---

[2]Although Smith has filed a motion in this court requesting a transcript at government expense, he failed to do so in district court, as is required under FED. R. APP. P. 10(b)(1).  Moreover, he did not make his request here until after Appellees submitted their brief.  Smith's transcript motion is **DENIED.**

[3]Smith has also moved for appointment of counsel on appeal. Because this case does not present exceptional circumstances, and because Smith has demonstrated that he is capable of presenting the issues adequately, the motion is **DENIED.**

properly brief this issue, it is deemed abandoned.  *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Smith contends that the district court erred by refusing to enter a default judgment against defendant-appellee Brown.  The district court acknowledged at trial that it had earlier stated erroneously that Smith had not moved for default judgment; but it held, again, that, based on the evidence presented at trial, Smith had not proved that Brown's actions resulted in damages.  Because Smith has not provided a copy of the trial transcript, this issue is *not* reviewable on appeal.  *Powell*, 959 F.2d at 26; *Richardson*, 902 F.2d at 416.

*AFFIRMED; MOTIONS DENIED*