**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 99-60234**
**Summary Calendar**

---

**DAVID MARSHALL,**

**Plaintiff-Appellant,**

**versus**

**JOE PRICE, Sheriff; BRUCE CARVER;**
**DIANE EDRINGTON, also known as**
**Nurse Diane,**

**Defendants-Appellees.**

---

**Appeal from the United States District Court**
**for the Southern District of Mississippi**
**(1:97-CV-167-GR)**

---

November 6, 2000

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:*

David Marshall, Mississippi prisoner # 66294, appeals from the summary judgment granted defendants in this 42 U.S.C. § 1983 action. (Marshall requested the appointment of counsel by the district court and on appeal. The district court did *not* abuse its discretion in denying the request; likewise, the request for appointment of counsel on appeal is **DENIED**. *Jackson v. Dallas*

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).)

Marshall claims that, while in *post-conviction* confinement at a county jail from 12 April through 31 October 1996, he was forced to sleep on a mattress on the jail floor, denied pastoral visits in retaliation for complaints about the conditions of his confinement, and denied adequate medical and dental treatment.

The magistrate judge recommended that summary judgment be awarded against Marshall on the merits; in the alternative, because Marshall had *not* exhausted his administrative remedies. The district court agreed as to both bases and adopted the report and recommendation. The action was dismissed *with prejudice*.

Because Marshall has failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), we do *not* reach the merits of his claims. Such remedies were made available by the enactment of the Administrative Remedy Program (ARP). *Gates v. Collier*, GC71-6-S-D (N.D. Miss. 19 Feb. 1994).

Marshall contends that the ARP was *not* available to him because he was housed in a county jail and had *not* yet been sent to the state prison. However, the ARP is in place at all of the state prison facilities, and it applies to state inmates housed in county jails or detention centers. *Potts v. Pope*, 1:94-cv-342 GR (S.D. Miss. 22 Aug. 1995). Marshall's allegation that he did *not* have access to the ARP because he was *not* issued a prison number is meritless. There is *no* evidence in the record that he attempted to

exhaust his remedies through the ARP and was denied access because he did *not* have such a number.

In sum, Marshall was a state-convicted inmate at the time of the events giving rise to the allegations in his complaint, and, therefore, was required to comply with the state prison's administrative remedy program. Because he did *not*, we **AFFIRM** the summary judgment awarded against him. Concomitantly, the dismissal is to be *without prejudice*. Accordingly, this matter is **REMANDED** for entry of an amended judgment, dismissing this action without prejudice.

> ***MOTION DENIED; AFFIRMED in PART;***
> ***REMANDED for ENTRY OF JUDGMENT***
> ***OF DISMISSAL WITHOUT PREJUDICE***

3