# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 00-10374
Summary Calendar

_____

DONALD RAY SPARKS,

                                                             Plaintiff-Appellant,

versus

NFN SWART, ETC.; ET AL.,

Defendants,

NFN SWART, MD, Dalhart Unit,

                                                             Defendant-Appellee.

----------------------------------------------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-428
----------------------------------------------------------
November 8, 2000

Before JOLLY, STEWART and PARKER, Circuit Judge:

PER CURIAM:[*]

Donald Ray Sparks, a Texas prisoner (# 724644), appeals the magistrate judge's order

granting summary judgment in favor of defendant Dr. Swart, a physician at Dalhart Unit, where

Sparks has been confined for several years.

Sparks has argued that Dr. Swart was deliberately indifferent in treating a litany of medical

needs, including back, shoulder, and abdominal pain; hemorrhoids; bladder and bowel problems; and

a "knot" on his abdomen. He also maintains that in 1996 Dr. Swart, without examining him,

rescinded several restrictions from his medical profile, which caused him to be assigned to prison jobs

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that caused him pain.  The medical records and other documents submitted with Dr. Swart's motion for summary judgment show that Sparks was frequently treated by the medical staff at Dalhart Unit and that several medications had been prescribed for Sparks' pain and other conditions.  The evidence also contradicts Sparks' conclusional assertions that Dr. Swart rescinded medical restrictions without examining him.

The magistrate judge did not err in concluding that there was no genuine issue of material fact as to whether Dr. Swart was  deliberately indifferent to Sparks' serious medical needs.  See FED. R. CIV. P. 56(c) and (e); Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1996); Farmer v. Brennan, 511 U.S. 825, 847, 849 (1994).  Sparks' reliance on his own pleadings was insufficient to overcome the evidence submitted by Dr. Swart.  See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046 (5th Cir. 1996).  Although Sparks has presented affidavits and other evidentiary materials with his appellate brief, this court considers only the papers that were before the trial court in reviewing a grant of summary judgment.  Topalian v. Ehrman, 954 F.2d 1125, 1131 n.10 (5th Cir. 1992).

On appeal, Sparks has abandoned any contention regarding the district court's dismissal as frivolous of his claims against McLeod, Scott, and Texas Tech University Health Sciences Center, by failing to brief any argument regarding those claims.  See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9).

The magistrate judge did not abuse his discretion in denying Sparks' motion for appointment of counsel, as Sparks did not show that "exceptional circumstances" existed so as to warrant such appointment.  See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982); Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

AFFIRMED.