IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-30989
Summary Calendar
_____

LUTHER T. OTIS, SR.,

                                        Plaintiff-Appellant,

versus

BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
AGRICULTURAL AND MECHANICAL COLLEGE; LESLYE A. BASS; ALBERT A.
LAVILLE; RON E. GARDNER; and MERVIN L. TRAIL,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-3795-T
--------------------
February 15, 2001

Before SMITH, BENAVIDES, and DENNIS Circuit Judges.

PER CURIAM:[*]

    Luther Otis appeals the district court's decision to deny him appointed counsel with respect to the Title VII allegations he has raised against the defendants. We review such decisions for abuse of discretion. *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir. 1986). Otis' scant brief does not refer to particular faults by the district court that might constitute an abuse of discretion. Indeed, it is impossible to discern from the brief any specific legal argument, rather Otis simply

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

disagrees in conclusory fashion with the district court's decision. Thus, the court is of the opinion that Otis' general and conclusory brief is not sufficiently specific to present issues for review. *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). In any event, we have reviewed the district court's order, as well as the record, and it is evident that the district court considered the proper factors in determining whether appointment of counsel was warranted. The only cases that Otis cites - *Robins v. Maggio*, 750 F.2d 405 (5th Cir. 1985) and *Carter v. Fenner*, 136 F.3d 1000 (5th Cir. 1998) - in no way conflict with the manner in which the district court resolved Otis' request for appointed counsel. Accordingly, the judgment of the district court is AFFIRMED.