IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60117
Conference Calendar

_____


HENRY CLAY LEWIS,

Plaintiff-Appellant,

versus

JACKSON COUNTY, MISSISSIPPI; MICHAEL C. MOORE; KATHY KING;
DALE HARKEY; THOMAS FORTNER; EMMITT L. SPARKMAN,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:01-CV-515-GR
--------------------
October 29, 2002

Before DeMOSS, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Henry Clay Lewis, Mississippi prisoner #54151/12339, appeals
the district court's dismissal of his 42 U.S.C. § 1983 civil
rights lawsuit for failure to state a claim, pursuant to 28
U.S.C. § 1915(e)(2)(B)(ii).  Lewis' motion for appointment of
counsel on appeal is DENIED.

Lewis contends that the district court erred in denying his
motion for appointment of counsel.  Because neither Lewis'
abilities nor the type and complexity of the instant case are
exceptional, the district court did not abuse its discretion in

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

dismissing Lewis' complaint without granting his motion for appointment of counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Lewis did not assert in the district court, and is therefore foreclosed from asserting for the first time in this appeal, his claim of ineffective assistance of counsel and his demands for a discharge from imprisonment, a declaratory judgment stating that the defendants maliciously prosecuted him and committed an abuse of process, compensatory damages due to his illegal habitual-offender sentence, and punitive damages. See Murphy v. Collins, 26 F.3d 541, 543 (5th Cir. 1994). Furthermore, Lewis has abandoned those claims that he raised in the district court and failed to assert on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Finally, Lewis has failed to adequately brief, and has therefore abandoned, his only remaining claims, which are his demands for compensatory damages for malicious prosecution and abuse of process. See id. Lewis' brief sets forth legal standards for the claims and states that the defendants committed the offenses as a result of his illegal conviction and sentence under the habitual-offender statute; however, the brief does not contain the reasons for Lewis' contentions or identify the parts of the record on which he relies. See FED. R. APP. P. 28(a)(9)(A).

Lewis' appeal is without arguable merit and is DISMISSED AS FRIVOLOUS. See 28 U.S.C. § 1915(e)(2)(B)(i); 5TH CIR. R. 42.2. The district court's dismissal of the present case and this

court's dismissal of Lewis' appeal count as two "strikes" against him for purposes of 28 U.S.C. § 1915(g). The instant appeal was pending when this court imposed the "three-strikes" bar against Lewis in Lewis v. Marshall County Correctional Facility, No. 01-60581 (5th Cir. Aug. 21, 2002) (unpublished). Lewis is reminded that he remains barred under 28 U.S.C. § 1915(g) from proceeding in forma pauperis in the district court or in this court in any civil action or appeal while he is incarcerated or detained in any facility "unless [he] is under imminent danger of serious physical injury."

> MOTION FOR APPOINTMENT OF COUNSEL DENIED; APPEAL DISMISSED AS FRIVOLOUS; 28 U.S.C. § 1915(g) BAR REMAINS IN EFFECT.