United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 20, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-11364
Summary Calendar

DOUGLAS BROWN,

                                        Plaintiff-Appellant,

versus

CLIFFORD BARNHILL, ETC.; ET AL.,

                                        Defendants,

LAWRENCE PATTISON, Sergeant; THEODORE PEACOCK, Correctional
Officer,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
(2:01-CV-411)
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-Appellant Douglas Brown, Texas prisoner # 346314,
appeals the district court's judgment entered in favor of
Defendants-Appellees Lawrence Pattison and Theodore Peacock,
following a jury trial. Brown's 42 U.S.C. § 1983 claims were based
on allegations that the two defendants acted with deliberate
indifference by failing to protect him from a violent cellmate.

---

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In his appellate brief, Brown does not challenge the district court's pre-trial dismissals of his claims against three other defendants, and he fails to brief an argument that the district court improperly charged the jury. For the first time in his reply brief, he contends that the district court abused its discretion by granting the defendants' pre-trial motion in limine. Brown has effectively waived all of these claims by inadequately or untimely briefing them. See Robinson v. Guarantee Trust Life Ins. Co., 389 F.3d 475, 481 n.3 (5th Cir. 2004); Morin v. Moore, 309 F.3d 316, 328 (5th Cir. 2002); FED. R. APP. P. 28(a)(9).

Brown has also inadequately briefed his contentions that the district court erred in entering judgment for Pattison and Peacock because (1) Brown's affidavit contradicted their testimony, (2) the facts alleged in his affidavit were "material," and (3) the defendants had exercised their peremptory strikes in a racially-discriminatory manner. See Robinson, 389 F.3d at 481 n.3. In any event, Brown's failure to include trial transcripts in the record on appeal prevents us from reviewing such arguments. See Richardson v. Henry, 902 F.2d 414, 416 (5th Cir. 1990).

Moreover, the first two of these three arguments reflect Brown's confusion about the nature of a jury trial. Inasmuch as the jury's verdict was based on the credibility of the trial witnesses, not its consideration of affidavits, Brown's argument is meritless. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

2

Finally, the district court did not abuse its discretion in denying Brown's motions for appointment of counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986); Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). As Brown has not established "exceptional circumstances," his current motion for appointment of counsel is DENIED. See Ulmer, 691 F.2d at 212. And, Brown's motion to supplement the record with additional evidentiary materials is unavailing and is therefore DENIED. See United States v. Okoronkwo, 46 F.3d 426, 435 (5th Cir. 1995).

AFFIRMED; MOTIONS DENIED.