# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-30381
Summary Calendar

OKECHUKWU MUMMEE AMADI

Plaintiff-Appellant

v.

CRAIG ROBINSON; WES WILLIAMSON; JAMES HAYES; DEAN HOTH; MARK JOHNS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:06-CV-1833

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Okechukwu Mummee Amadi, an immigration detainee, requests leave to proceed in forma pauperis (IFP) on appeal. The district court dismissed Amadi's civil rights action, filed under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), for failure to state a claim, and it also denied Amadi's motion to proceed IFP on appeal. In order to obtain leave to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceed IFP, Amadi must show that he is a pauper, and he must raise a nonfrivolous issue. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Amadi argues in conclusory fashion that his complaint states a constitutional claim. Amadi's second amended complaint, however, contains no allegations of personal involvement on the part of the only named defendant, nor does the second amended complaint contain allegations of a causal connection between the defendant's acts or omissions and the claimed violation of Amadi's constitutional rights. Amadi fails to raise a nonfrivolous issue in his appeal of the district court's dismissal of his complaint for failure to state a claim on which relief could be granted. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); Lozano v. Smith, 718 F.2d 756, 768 (5th Cir. 1983).

Amadi's appeal is without arguable merit and is thus frivolous. Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Accordingly, his request for leave to proceed IFP is denied, and the appeal is dismissed. See 5TH CIR. R. 42.2.

The district court's dismissal of Amadi's complaint and the dismissal of this appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 385-87 (5th Cir. 1996). Amadi is cautioned that if he accumulates three strikes under § 1915(g), he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.