IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2009

Charles R. Fulbruge III
Clerk

No. 08-40728
Summary Calendar

SAMUEL PASQUAL EDMONDSON

Petitioner-Appellant

v.

UNITED STATES OF AMERICA

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:07-CV-261

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Samuel Pasqual Edmondson, federal prisoner # 05102-010, has filed a pro se application for leave to proceed in forma pauperis (IFP) on appeal, following the district court's dismissal, for lack of jurisdiction, of his pro se 28 U.S.C. § 2241 habeas petition. That petition challenged the validity of his convictions for:

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy to possess with intent to distribute methamphetamine; and possession with intent to distribute methamphetamine.

A movant for IFP on appeal must show: he is a pauper; and he will present a nonfrivolous appellate issue. E.g., Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). Edmondson cannot establish that he would raise a nonfrivolous appellate issue.

Edmondson essentially maintains his claims fall within the savings clause of 28 U.S.C. § 2255 because Zedner v. United States, 547 U.S. 489 (2006), should apply retroactively to cases on collateral review. We may, however, consider a § 2241 petition attacking custody resulting from a federally-imposed sentence only when the petitioner establishes that § 2255 is "inadequate or ineffective to test the legality of his detention". 28 U.S.C. § 2255(e); Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001). To show § 2255 was rendered inadequate or ineffective in his case, Edmondson must show that his claim: (1) "is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense"; and (2) "was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion". Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001) (emphasis added).

Zedner dealt with issues relating to the Speedy Trial Act. See Zedner, 547 U.S. at 500-09; Speedy Trial Act of 1974, 18 U.S.C. §§ 3161-3174. Because Zedner does not establish that Edmondson was convicted of a nonexistent offense, we need not determine whether Zedner is retroactive or whether his claim was foreclosed when he filed his direct appeal or prior § 2255 motion.

Because Edmondson has not met the requirements for proceeding under the savings clause, he has not established that he will raise a nonfrivolous appellate issue. See Jackson, 811 F.2d at 261. Accordingly, Edmondson's motion to proceed in forma pauperis on appeal is DENIED; and his appeal is

DISMISSED as frivolous. See Baugh v. Taylor, 117 F.3d 197, 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.