# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2012

Lyle W. Cayce
Clerk

No. 11-50735
Summary Calendar

JOSE ALBERTO GUTIERREZ,

> Plaintiff–Appellant,

v.

CITY OF SAN ANTONIO MAGISTRATE OFFICE ADMINISTRATION;
MAGISTRATE CARMEN ROJO, City of San Antonio; MAGISTRATE
ROLANDO RAMOS, City of San Antonio; OFFICER TONY CASAREZ, City of
San Antonio Magistrate,

> Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CV-431

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Gutierrez, Texas prisoner # 1523604, moves for leave to proceed in forma pauperis (IFP) on appeal. He filed a 42 U.S.C. § 1983 complaint alleging that he was not afforded a timely probable cause hearing following his arrest on November 23, 2007, for driving-while-intoxicated and theft and that Defendants forged documents indicating that he was provided a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

hearing.  The district court dismissed his complaint with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and denied him leave to proceed IFP on appeal.

When, as in this case, a district court certifies that an appeal is not taken in good faith under § 1915(a)(3), the appellant may either pay the filing fee or challenge the court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  By moving to proceed IFP, Gutierrez is challenging the district court's certification that his appeal is not taken in good faith.  *See id.* Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks omitted).  We may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

Gutierrez asserts that his appeal is not frivolous because his constitutional rights were violated by Defendants' actions but does not challenge the district court's reasons for dismissing his complaint or denying him leave to proceed IFP on appeal.  Rather, he raises a vague and patently meritless argument, unsupported by reference to case law, that denying a prisoner the right to appeal IFP is unconstitutional.  Pro se briefs are afforded liberal construction.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that issue.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Because Gutierrez has failed to challenge any legal aspect of the district court's disposition of the claims raised in his complaint or the certification that his appeal is not taken in good faith, he has abandoned the critical issues of his appeal.  *See id.* Thus, the appeal lacks arguable merit and is therefore frivolous.  *See Howard*, 707 F.2d at 220.

No. 11-50735

Gutierrez's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Gutierrez's motion for appointment of counsel is also DENIED. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

The dismissal of the complaint and appeal in the instant proceeding as frivolous each count as a strike under § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996); § 1915(e)(2)(B)(i), (g). Gutierrez has one other strike. *See Gutierrez v. Tafolla, et al.*, No. 5:08-CV-743-XR (W.D. Tex. May 7, 2009). As Gutierrez has now accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Gutierrez is further warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.