# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-10693
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2022

Lyle W. Cayce
Clerk

Michael Berk,

*Plaintiff—Appellant*,

*versus*

Executive Office of United States Attorneys,

*Defendant—Appellee*,

_____

Michael Berk,

*Plaintiff—Appellant*,

v.

United States Department of Homeland Security,

*Defendant—Appellee*,

_____

Michael Berk,

*Plaintiff—Appellant*,

*versus*

U.S. Department of Justice, Federal Bureau of Prisons,

*Defendant—Appellee.*

---

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:18-CV-1349–51

---

Before Jones, Haynes, and Oldham, *Circuit Judges.*

Per Curiam:*

Michael Berk appeals pro se from a summary judgment in favor of Defendants, the Department of Homeland Security ("DHS"), the Federal Bureau of Prisons ("BOP"), and the Executive Office for United States Attorneys ("EOUSA"), after the court found that Defendants conducted a reasonable search and did not improperly withhold information under the Freedom of Information Act ("FOIA"). This court AFFIRMS.

**I**

Berk, a current inmate at the Federal Correctional Institution in Seagoville, Texas, was convicted for enticing a minor, in violation of 18 U.S.C. §§ 2422(b) and 3583(k), and possession of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 3583(k). He was sentenced to 200 months' imprisonment. The First Circuit affirmed.

While detained in New Hampshire and awaiting transportation to a BOP facility, Berk pled guilty to possessing contraband in prison, in violation of 18 U.S.C. § 1791(a)(2) and was sentenced to twelve months' imprisonment to be served consecutively with his other convictions. Berk

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

was imprisoned initially in New Jersey before being transferred to the Seagoville, Texas prison under a sex offender program.

Berk submitted FOIA requests to the BOP, DHS, and EOUSA. The request to the BOP was incomplete because Berk's authorization for his attorney to request his records was over the three-month limit.[1] The DHS interpreted Berk's request, as one for copies of information that the agency maintained leading up to Berk's prosecution. The DHS returned several documents. Berk requested from the EOUSA his prosecution file and related documents. The EOUSA returned files in several responses.

Berk then sued the agencies, alleging that they improperly withheld information and had not timely responded to his FOIA requests. Berk moved for partial summary judgment against EOUSA, and the agencies jointly cross-moved for summary judgment. Berk failed to timely respond to the agencies' motion. Nonetheless, the magistrate judge considered his response on the merits and recommended summary judgment for the agencies. The district court accepted the findings, conclusions, and recommendation of the magistrate judge, and prospectively certified that appeal of the action would not be in good faith under 28 U.S.C. § 1915(a)(3).[2] This appeal followed.

---

[1] Berk's subsequent request was filed after his complaint; thus, it is not subject to this appeal.

[2] Berk does not appeal the district court's denial of his motion to proceed IFP.

## II[3]

FOIA allows district courts "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B).[4] FOIA requires federal agencies to disclose documents within their control upon request unless the documents fall within one of nine enumerated exceptions. *See Id.* § 552(b)(1)–(9). In a FOIA case, the agency has the burden of justifying nondisclosure. *See Id.* § 552(a)(4)(B). The agencies have met their burden.

FOIA does not require an agency to show that it has identified every document that is responsive to a request, but only that "it performed a search reasonably calculated to yield responsive documents." *Batton v. Evers*, 598 F.3d 169, 176 (5th Cir. 2010). The agency can satisfy that requirement with affidavits that provide a detailed description of its search methods. *Id.* The reasons the agency gives have a "presumption of legitimacy." *Id.* That presumption can be defeated only by showing that the agency acted in bad faith, and at summary judgment by presenting evidence that the affidavits do not describe an adequate search. *Id.*

Here, the agencies provided detailed descriptions of their search methods along with the relevant records. Berk presented nothing but speculation that either EOUSA or DHS failed to account for responsive documents. Further, the agencies reasonably excluded non-responsive

---

[3] Jurisdiction is established by 5 U.S.C. § 552(a)(4)(B), which provides that such complaints may be filed in the district court for the district in which the complainant resides or has his principal place of business, in the district where the records are located, or in the District of Columbia.

[4] Berk's claim that EOUSA was untimely in producing its records is moot because the EOUSA has produced. His similar claims of untimeliness against the other agencies are moot for the same reason.

documents that fell outside the request's scope and reasonably excluded records relating to the New Hampshire proceeding because Berk's counsel, at the time, did not request those records in his narrowed list of requested files.

Moreover, the agencies produced lengthy documentation with specific explanations of what they withheld and why each exemption applied. This information, contradicted only by Berk's conclusory assertions, carried their burden under FOIA. "The exemptions to disclosure are explicitly limited by statute and should be construed narrowly." *Dep't of the Air Force v. Rose*, 425 U.S. 352, 361, 96 S. Ct. 1592, 1599 (1976). The agency "may sustain its burden through the submission of detailed affidavits or declarations that identify the documents and explain why they fall within the claimed exemptions." *Payne v. Dep't of Just.*, 121 F.3d 704 (5th Cir. 1997). This court "generally will grant an agency's motion for summary judgment only if the agency identifies the documents at issue and explains why they fall under exemptions." *Id.* The agencies complied with these strictures.

After careful consideration of the record and the briefs, we find no error or law or fact in the district court's decision.

Finally, the appointment of counsel occurs in only exceptional cases. *Jackson v. Dallas Police Dep't.*, 811 F.2d 260, 261 (5th Cir. 1986). A review of the record confirms that the district court correctly assessed four factors to determine whether to appoint counsel. *Id.* The district court did not abuse its discretion in denying Berk appointed counsel.

For the foregoing reasons, we AFFIRM the judgment of the district court.