United States Court of Appeals,

Fifth Circuit.

No. 95-40351.

Leopold Lee PEDRAZA, Plaintiff-Appellant,

v.

Richard L. JONES, Kenneth Rosenquest, and Gary Smejkal, Defendants-Appellees.

Dec. 27, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:

Leopold Lee Pedraza ("Pedraza") appeals from a district court order granting summary judgment in favor of Richard L. Jones, Kenneth Rosenquest, and Smejkal (collectively, "defendants") on the ground that Pedraza's claims were time-barred. Pedraza argues that an expert witness should have been appointed to help him prepare his case and that the district court erred in striking his affidavits. Finding no error in the district court's judgment, we affirm.

## BACKGROUND

Pedraza filed a *pro se* 42 U.S.C. § 1983 claim *in forma pauperis,* alleging that the defendants, officials and officers in the Victoria, Texas Police Department, had denied him medical treatment for heroin withdrawal despite his repeated requests from June 12 to June 14, 1986. In a hearing to determine whether a factual basis existed for Pedraza's claim, the district court

dismissed the claim because it was not filed within the Texas two-year statute of limitations. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.003(a) (West 1986).[1]

This court subsequently vacated the dismissal and remanded for a determination of whether Pedraza's mental condition tolled the statute of limitations so as to bring his claim within the limitations period. *See* Tex.Civ.Prac. & Rem.Code Ann. § 16.001(a)(2) (West Supp.1995) (tolling the limitations period when a person is under a legal disability, such as unsound mind). Pedraza argued that he was of unsound mind from July 12, 1986 to October 1987 as a result of heroin withdrawal.

The defendants filed a motion for summary judgment, which contained the affidavit of their expert witness, Dr. Robert C. Lyman, a psychiatrist with extensive training and experience in narcotic use and withdrawal. Lyman stated, *inter alia,* that it is impossible for a person to be impaired physically or mentally due to heroin withdrawal for five months or longer.[2]

Pedraza filed two motions for appointment of an expert witness on heroin use and withdrawal, which the district court denied:

> Plaintiff seeks assistance from a court-appointed expert on the ground that he cannot overcome the Defendants' expert

---

[1]For section 1983 claims, federal courts apply the general personal injury statute of limitations of the forum state. *Owens v. Okure,* 488 U.S. 235, 249-50, 109 S.Ct. 573, 582, 102 L.Ed.2d 594 (1989); *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir.1989).

[2]Because limitations ran on June 12, 1988 and Pedraza did not file his suit until November 21, 1988, five months is the minimum amount of time that Pedraza must have been impaired in order to bring his claim within the limitations period.

without an expert of his own. While the court is cognizant of Plaintiff's plight, it is not in a position to appoint an expert. The *in forma pauperis* ("IFP") statute ... does not, however, require or authorize the court to subsidize litigation by paying expert fees or other costs that IFP litigants may incur, such as depositions, duplication, exhibits, or travel. As a general matter, IFP litigants must hire their own experts.

Pedraza filed a response to the summary judgment motion supported by affidavits from himself and Antonio Marquez, which stated that heroin withdrawal could cause a person to be of unsound mind. The district court struck the affidavits and granted summary judgment for the defendants on the ground that Pedraza had failed to raise a genuine issue of material fact.

DISCUSSION

*A. District Court's failure to appoint an expert witness*

Pedraza argues that the district court erred in refusing to appoint an expert witness because, without the assistance of an expert witness, indigent prison inmates cannot raise these types of claims. He asserts that the Fifth Circuit has awarded expert witness fees in many cases in recognition of counsel's need for experts' assistance. *See Copper Liquor, Inc. v. Adolph Coors Co.,* 684 F.2d 1087, 1100 (5th Cir.1982); *Berry v. McLemore,* 670 F.2d 30, 34 (5th Cir.1982); *Jones v. Diamond,* 636 F.2d 1364, 1382 (5th Cir.) (en banc), *cert. dismissed,* 453 U.S. 950, 102 S.Ct. 27, 69 L.Ed.2d 1033 (1981).[3]

---

[3]These cases were subsequently overruled to the extent that they allowed recovery of expert fees in excess of the amount specified by 28 U.S.C. § 1821. *International Woodworkers of Am. v. Champion Int'l Corp.,* 790 F.2d 1174, 1180-81 & n. 8 (5th Cir.1986) (en banc), *aff'd and remanded, Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385

This Court has not addressed the issue of whether expert witnesses can be appointed to assist a plaintiff proceeding under the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915. The Supreme Court has held that "expenditure of public funds [on behalf of an indigent litigant] is proper only when authorized by Congress." *United States v. MacCollom,* 426 U.S. 317, 321, 96 S.Ct. 2086, 2089, 48 L.Ed.2d 666 (1976). The plain language of section 1915 does not provide for the appointment of expert witnesses to aid an indigent litigant.

In *Boring v. Kozakiewicz,* 833 F.2d 468 (3d Cir.1987), *cert. denied,* 485 U.S. 991, 108 S.Ct. 1298, 99 L.Ed.2d 508 (1988), the Third Circuit held that section 1915 makes no provision for a district court to either pay or waive fees for an expert witness. *Id.* at 474. The court concluded that "in these circumstances we cannot fault the district court for not exercising a power it did not possess." *Id.*[4] We agree. Because the district court has no

_____

(1987). The cases involved situations where expert witness fees were awarded *after* the plaintiff prevailed in a civil rights suit. *See* 42 U.S.C. § 1988(b) (allowing for the recovery of attorney fees, which many courts found included expert fees when the expert was helpful to a determination of the issues).

[4]Although section 1915(c) provides that "[w]itnesses shall attend as in other cases," the circuit courts that have addressed the issue of court payment for *non-expert* witness fees, such as attendance and mileage, have consistently held that federal courts are not authorized to waive or pay witness fees on behalf of an IFP litigant. *See Malik v. Lavalley,* 994 F.2d 90, 90 (2d Cir.1993); *Tedder v. Odel,* 890 F.2d 210, 211-12 (9th Cir.1989); *McNeil v. Lowney,* 831 F.2d 1368, 1373 (7th Cir.1987), *cert. denied,* 485 U.S. 965, 108 S.Ct. 1236, 99 L.Ed.2d 435 (1988); *Cookish v. Cunningham,* 787 F.2d 1, 5 (1st Cir.1986); *U.S. Marshals Serv. v. Means,* 741 F.2d 1053, 1057 (8th Cir.1984), *rev'd on other grounds,* 858 F.2d 404 (8th Cir.1988); *Johnson v. Hubbard,* 698 F.2d 286, 289-90 (6th Cir.), *cert. denied,* 464 U.S.

authority to appoint an expert witness under section 1915, the district court did not err in refusing to appoint an expert witness to help Pedraza create a fact issue concerning whether heroin withdrawal can cause an individual to become of unsound mind.[5]

*B. Striking of the Affidavits*

Pedraza contends the district court erred in striking the affidavits of Pedraza and Antonio Marquez. He argues that Marquez's affidavit was admissible either as expert testimony or lay opinion and that his own affidavit qualified as lay opinion. A district court's decision to strike either expert or lay opinion testimony is subject to review under an abuse of discretion standard. *Christophersen v. Allied-Signal Corp.,* 939 F.2d 1106, 1109 (5th Cir.1991), *cert. denied,* 503 U.S. 912, 112 S.Ct. 1280,

---

917, 104 S.Ct. 282, 78 L.Ed.2d 260 (1983); *see also Hodge v. Prince,* 730 F.Supp. 747, 749-51 (N.D.Tex.1990), *aff'd,* 923 F.2d 853 (5th Cir.1991) (mem.).

[5]The court apparently believed that section 1915 was the sole source of authority to appoint an expert for an indigent. In appropriate circumstances, however, a court may appoint an expert under Fed.R.Evid. 706. The expert witness must either be agreed upon by the parties or selected by the court. Fed.R.Evid. 706(a). Compensation of the expert is by the parties "in such proportion and at such time as the court directs." *Id.* 706(b). A few circuits have allowed appointment even when one party was indigent and unable to bear a portion of the costs. *See McKinney v. Anderson,* 924 F.2d 1500, 1511 (9th Cir.), *vacated and remanded on other grounds,* 502 U.S. 903, 112 S.Ct. 291, 116 L.Ed.2d 236 (1991); *Webster v. Sowders,* 846 F.2d 1032, 1038-39 (6th Cir.1988).

Pedraza made no showing that he attempted to procure an expert, never submitted medical or psychological records regarding his mental condition, never requested the appointment of an expert pursuant to Rule 706, and requested an appointment only for his own benefit. Under these circumstances, Rule 706 is not applicable.

5

117 L.Ed.2d 506 (1992); *Washington v. Department of Transp.,* 8 F.3d 296, 300 (5th Cir.1993).

Under Fed.R.Evid. 702, a witness may be qualified as an expert by knowledge, skill, experience, training, or education. *See Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 176 (5th Cir.1990), *cert. denied,* --- U.S. ----, 114 S.Ct. 171, 126 L.Ed.2d 131 (1993). Pedraza asserts that Marquez is an expert on heroin withdrawals because of his thirty-years experience as a heroin addict.

To qualify as an expert, the witness's testimony must "both rest[ ] on a reliable foundation and [be] relevant to the task at hand. Pertinent evidence based on scientifically valid principles will satisfy those demands." *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* --- U.S. ----, ----, 113 S.Ct. 2786, 2799, 125 L.Ed.2d 469 (1993). Marquez's affidavit satisfies none of the indicia of reliability outlined in *Daubert. Id.* at ----, 113 S.Ct. at 2796-99. The district court did not abuse its discretion in refusing to consider the affidavit as expert testimony.

Pedraza also argues that both affidavits are admissible as lay opinion under Fed.R.Evid. 701, which provides that a lay witness may testify in the form of opinions or inferences only when they are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of a fact in issue. Because Marquez possessed no personal knowledge of Pedraza's mental condition, his affidavit does not satisfy the requirements of Rule 701. The general

6

assertions he makes based on his own experience and his admission that each individual's experience varies "depending on the person's tolerance and method of treatment for recovery" would not be helpful in resolving whether Pedraza was of unsound mind. Pedraza's affidavit similarly fails because he makes only conclusory statements as to why the heroin withdrawal caused him to be of unsound mind. We conclude the district court did not abuse its discretion in striking the affidavits.

*C. Appointment of Counsel*

Pedraza contends that the "exceptional circumstances" of the case required the district court to appoint an attorney to represent him. *See* 28 U.S.C. § 1915(d); *Ulmer v. Chancellor,* 691 F.2d 209, 213 (5th Cir.1982) (offering guidelines for when counsel should be appointed). The district court's decision is subject to abuse of discretion review. *See Richardson v. Henry,* 902 F.2d 414, 417 (5th Cir.), *cert. denied,* 498 U.S. 901, 111 S.Ct. 260, 112 L.Ed.2d 218 (1990). We have reviewed the record and Pedraza's performance thus far and conclude that the district court did not abuse its discretion in not appointing counsel.

CONCLUSION

For the forgoing reasons, the order of the district court granting summary judgment is affirmed.