# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 95-60784
Summary Calendar

ANTIONETTE ABRAM, ET AL.,

Plaintiffs,

WILEY AUSTIN BOND, ET AL.,

Plaintiffs-Appellants,

versus

REICHHOLD CHEMICALS, INC., FICTITIOUS
DEFENDANTS, A, B AND C

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
(2:92-CV-122)

July 2, 1996

Before POLITZ, Chief Judge, SMITH and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:[*]

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Seven plaintiffs[1] appeal an adverse summary judgment dismissing their toxic tort complaint. Eight plaintiffs[2] appeal a dismissal of their complaint as a sanction for failure to comply with the court's pretrial orders. For the reasons assigned, we affirm in part and vacate and remand in part.

This appeal arises out of complex litigation involving Reichhold's former chemical production site in Columbia, Mississippi. The proceedings at bar seek damages for exposure to toxic substances. Reichhold has settled with over 4000 claimants; only the 15 appellants remain in the litigation.

Reichhold moved for dismissal as a sanction for the eight appellants' failure to comply with the court's Case Management Order. It also sought summary judgment dismissing the claims of the seven who attempted to comply with the Case Management Order. The trial court granted both motions, dismissing the complaint of the eight plaintiffs for failure to comply with its standing court order and the complaint of the other seven for their failure to raise a genuine issue of material fact concerning exposure and causation.

<u>Analysis</u>

We first consider whether the district court's dismissal order, entered for failure to

---

[1]Wiley Austin Bond, Johnny Lamar Hibley, Joy Ann Hibley, Charles Ernest Johnson, Julius C. Parker, Joe Thomas Owens, and Charity Fortenberry Roberts.

[2]Charlotte Hibley, Vernon D. Hibley, Vernon L. Hibley, Ida Johnson, N.C. Magee Jr., Jessie James Peavey, Peggy Pittman, and Hoyt Shelby Forbes.

comply with the Case Management Order, was an abuse of discretion.[3] The sanction of

dismissal with prejudice contemplated by Federal Rule of Civil Procedure 41(b) is

appropriate "only if the failure to comply with the court order was the result of purposeful

delay or contumaciousness <u>and</u> the record reflects that the district court employed lesser

sanctions before dismissing the action."[4] The record before us does not reflect the required

prior recourse to lesser sanctions and we necessarily must conclude that the dismissal order

was granted improvidently.

The district court recited as an alternative ground for its dismissal of the eight

plaintiffs a *sua sponte* grant of adverse summary judgment. While that procedure was

available to the district court, the record does not reflect that these plaintiffs received the

required ten day notice and an opportunity to respond. Absent these mandatory procedural

protections, the grant of summary judgment must be vacated.[5] Accordingly, the order

dismissing the claims of these eight plaintiffs is vacated and their claims are remanded to the

district court for further consideration.

Proceeding *de novo*,[6] we next examine the district court's grant of summary judgment

---

[3]**Berry v. Cigna/RSI-CIGNA**, 975 F.2d 1188 (5th Cir. 1992).

[4]**Long v. Simmons**, 77 F.3d 878, 880 (5th Cir. 1996) (emphasis added).

[5]**Balogun v. Immigration and Naturalization Service**, 9 F.3d 347 (5th Cir. 1993); **Jackson v. Procunier**, 789 F.2d 307 (5th Cir. 1986). We express no opinion on the merits of the district court's summary judgment ruling as to these plaintiffs.

[6]**Weyant v. Acceptance Ins. Co.**, 917 F.2d 209 (5th Cir. 1990).

against the seven remaining plaintiffs. The district court found that these plaintiffs had presented no competent summary judgment evidence that their illnesses were caused by exposure to chemicals from the Reichhold site. On appeal these plaintiffs underscore that they lived or worked in close proximity to the Reichhold site and over time became ill. As the district court observed, however, the mere fact that some plaintiffs and Reichhold's chemicals may have been at the same place at the same time, without more, is insufficient to establish actual exposure.[7]

Plaintiffs advance the expert testimony of Dr. P. Lance Barnes, D.O., opining that the plaintiffs were harmed by exposure to chemicals at the Reichhold site. Proffered expert testimony, to be considered competent summary judgment evidence, must be admissible at trial.[8] The district court concluded that the testimony of plaintiffs' expert, Dr. Barnes,[9] would be inadmissible at trial because his opinion is merely unsupported speculation.[10] We

[7]See **Thompson v. Southern Pacific Trans. Co.**, 809 F.2d 1167 (5th Cir.), cert. denied, 484 U.S. 819 (1987).

[8]**Christophersen v. Allied-Signal Corp.**, 939 F.2d 1106 (5th Cir.) (*en banc*), cert. denied, 503 U.S. 912 (1992).

[9]Plaintiffs also point to the affidavit of Dr. LaCuyetunia Todd, a board-certified dermatologist, as supportive of their position. Dr. Todd's affidavit merely stated that plaintiffs "could have" been exposed to toxic chemicals at the Reichhold site. We conclude, as did the district court, that this affidavit, particularly given its vagueness and lack of specificity regarding the chemicals involved, fails to create a fact issue on causation.

[10]Fed.R.Evid. 702; **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 113 S.Ct. 2786 (1993).

review that determination for an abuse of discretion.[11]

To be admissible, expert opinion must reflect knowledge gleaned through a scientifically valid method that can be and has been tested and is subject to peer review.[12] Dr. Barnes' opinion is based solely upon the plaintiffs' histories, a physical examination, and "general medical knowledge." Dr. Barnes, who is not board certified and has received no specialized training in the myriad medical fields in which he expresses his opinion, apparently did not consult any medical or scientific literature before reaching his conclusions. During his deposition Dr. Barnes was unable to identify either the particular chemical agent to which these plaintiffs were exposed or the duration or extent of any plaintiff's exposure at the Reichhold site.[13] In short, the proffered testimony gave the district court no clue whatever as to how Dr. Barnes' opinions were formulated or derived. While a "history" and a physical examination may justify suspicion about a connection between plaintiffs' alleged maladies and toxic chemicals at the Reichhold site, relevant professional experience or data susceptible to objective review must exist to transform such inchoate subjective musing into admissible expert opinion.[14] We perceive no abuse of discretion in

---

[11]**United States v. Pettigrew**, 77 F.3d 1500 (5th Cir. 1996).

[12]**United States v. Posado**, 57 F.3d 428 (5th Cir. 1995).

[13]Dr. Barnes did not review even the plaintiffs' medical records prior to rendering his opinion that the source of their illnesses was exposure to toxic chemicals at the Reichhold site.

[14]**Pedraza v. Jones**, 71 F.3d 194 (5th Cir. 1995); **Zarecki v. National Railroad Passenger Corp.**, 914 F.Supp. 1566 (N.D.Ill. 1996); **In re Hanford Nuclear Reservation**

the treatment accorded this proffered evidence.

Finally, plaintiffs contend that the district court erred in dismissing their claims of fear of future illness. In this diversity action we apply Mississippi law. The Mississippi Supreme Court has held that "emotional distress based on the fear of a future illness must await a manifestation of that illness or be supported by medical or scientific evidence so that there is a rational basis for the emotional fear."[15] The paucity of plaintiffs' medical and scientific evidence concerning the cause of their illnesses, both present and prospective, persuades that the district court did not err.

Based on the foregoing, we affirm the district court's judgment insofar as it dismisses the complaint of the seven plaintiffs against whom summary judgment was granted. We vacate, however, that portion of the judgment dismissing the claims of the eight named plaintiffs for failure to comply timely with the court's Case Management Order and, alternatively, on the basis of the *sua sponte* summary judgment grounds. On remand the district court is free to consider, within the procedural confines of Rule 56, whether summary judgment may be warranted as to the remaining plaintiffs, and it may revisit, if appropriate, sanctions for failure to comply with the court's orders and directives.

AFFIRMED IN PART, VACATED IN PART, and REMANDED.

---

**Litigation**, 894 F.Supp. 1436 (E.D.Wash. 1995).

[15]**Leaf River Forest Products, Inc. v. Ferguson**, 662 So.2d 648, 650 (Miss. 1995).