IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40427
USDC No. G-96-CV-710
_____

LUIS A. AGUILAR,

Plaintiff-Appellant,

versus

HECTOR GARCIA; JOHN FLORES; JEFFREY MILSTEEN;
DONNA KLIGAR; WILLIAM WILKINS; JAMES BISSETT,

Defendants-Appellees.

----------------------
Appeal from the United States District Court
for the Southern District of Texas
----------------------

December 18, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[1]

Luis Aguilar seeks leave to proceed *in forma pauperis* (IFP) from this court following the magistrate judge's denial of leave to proceed IFP and certification that Aguilar's appeal would not be taken in good faith. Aguilar seeks a transcript of his pretrial hearing at government expense; his transcript motion is DENIED. He seeks appointment of counsel on appeal; his motion is DENIED.

Aguilar contends that the magistrate judge erred by denying

---

    [1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

his motion for appointment of counsel.  He argues that he was psychologically incapable of prosecuting his case *pro se* and that the magistrate judge erred by denying his requests to subpoena expert psychiatric witnesses to testify about his mental state. He argues that the magistrate judge erred by failing to order the Galveston County Jail to furnish the names and addresses of all of the psychiatrists who had seen him while he was in the custody of the County.  He alleges that he was indigent during the trial of his case and that he unsuccessfully attempted to employ private counsel.  Aguilar contends that the magistrate judge erred by denying his request for an expert witness in the field of document forgery.

We have reviewed Aguilar's IFP motion and the record on appeal and we have found no nonfrivolous issues for appeal. Regarding Aguilar's requests that two psychiatrists by subpoenaed as expert witnesses and that a psychiatric expert and a forgery expert be appointed, the district court was not authorized to pay expert witness fees.  *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).  Regarding Aguilar's remaining contentions, we affirm the bad-faith certification and deny Aguilar's IFP motion for essentially the reasons stated by the magistrate judge.  *Aguilar v. Garcia*, No. G-96-CV-710 (S.D. Tex. Apr. 28, 1998).

IFP DENIED; APPEAL DISMISSED.  5TH CIR. R. 42.2.