IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 99-41399
Summary Calendar

RONNIE HARRIS,

Plaintiff-Appellant,

versus

WILLIE MCADAMS, Stiles Unit; STACEY STANLEY,
Correctional Officer III, Stiles Unit; RICKEY RIGSBY,
Correctional Officer III, Stiles Unit; JAMES MITCHELL,
Correctional Officer III, Stiles Unit; CHARLES IRONS,
Correctional Officer III, Stiles Unit; DELOIS TARVER,
Sergeant, Stiles Unit,

Defendants-Appellees.

-----------------------------------------------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:97-CV-9
-----------------------------------------------------------
March 9, 2001

Before JOLLY, STEWART, and PARKER, Circuit Judges:

PER CURIAM:[*]

Ronnie Harris, Texas state prisoner #527353, appeals a jury verdict in favor of the defendants

in his pro se 42 U.S.C. § 1983 civil rights action. Harris asserts that: the district court erred in

denying him appointed counsel; the district court erred in denying him appointed experts; he was

denied a fair and impartial jury selection process; he was denied his rights to due process of law and

equal protection of the laws; and he was denied his right against cruel and unusual punishment.

Harris has also filed a motion for appointment of counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Harris' briefs do not comply with the requirement in Federal Rule of Appellate Procedure 28(a)(9) that an appellant's contentions be supported by citations to the record, this appeal is subject to dismissal. See Grant v. Cuellar, 59 F.3d 523, 524-25 (5th Cir. 1995). Nevertheless, since the defendants have not suffered prejudice due to the briefs' noncompliance, this court will exercise its discretion to consider Harris' appellate arguments. See Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988).

The district court did not abuse its discretion by denying Harris' request for appointed counsel, as Harris did not establish that his civil rights case presented exceptional circumstances. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986). The district court also did not err in denying Harris' request for the appointment of outside expert witnesses. District courts are without authority to appoint publicly-compensated expert witnesses, and Harris did not properly seek the appointment of party-compensated outside expert witnesses under Federal Rule of Evidence 706(a). See Pedraza v. Jones, 71 F.3d 194, 196, 197 n.5 (5th Cir. 1995). The district court did not err in denying Harris' motion for a transcript at government expense, as Harris failed to identify a substantial question for appeal, demonstrate a particular need for the transcript, or identify any facts that might require a close examination of the transcript. See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

Harris' remaining arguments are not reviewable. Because Harris did not properly show a need for a transcript, and subsequently withdrew his request for the transcript, he has failed to include in the record a transcript of the jury selection proceedings or other documents that would enable this court to review his improper jury selection argument. See Fed. R. App. P. 10(b); United States v. Hinojosa, 958 F.2d 624, 632 (5th Cir. 1992). He also failed to include in the record a trial transcript, which is necessary to review his claim that the evidence did not support the jury's verdict that the defendants did not inflict upon him cruel and unusual punishment. See Fed. R. App. P. 10(b)(2); Powell v. Estelle, 959 F.2d 22, 26 (5th Cir. 1992). And Harris' due process and equal protection claim will not be considered as it is asserted for the first time on appeal. See Leverette v. Louisville Ladder Co., 183 F.3d 339, 342 (5th Cir. 1999).

In light of the foregoing, the judgment of the district court is AFFIRMED and Harris' motion for appointment of counsel is DENIED.