IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50593
Conference Calendar
_____

JEAN ROYSDEN, Individually and on behalf of Peggy Roysden,
Deceased,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, Brook Army Medical Center,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-00-CV-407
--------------------
February 20, 2002

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jean Roysden, proceeding pro se and in forma pauperis,
individually and on behalf of her mother, Peggy Roysden,
deceased, appeals the district court's grant of summary judgment
for defendant in this civil action filed under the Federal Tort
Claims Act (FTCA) against the United States of America, and more
specifically, the Brooke Army Medical Center, for medical
malpractice.  The district court granted summary judgment on the
grounds that Roysden had not produced an expert witness who would

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

testify as to the defendant's alleged breach of the standard of care. Roysden argues on appeal that the district judge erred in failing to recuse himself after being subjected to misleading statements which tainted his attitude toward her. She alleges that her neighbor, who has strong connections to the Brooke Army Medical Center, had somehow contacted the court and made negative comments about her. Roysden does not challenge the basis for the district court's grant of summary judgment.

This court reviews a denial of a motion to recuse for abuse of discretion. Trevino v. Johnson, 168 F.3d 173, 178 (5th Cir. 1999). A judge should recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).

There is no reasonable basis to question the district court's impartiality in this case. Roysden has presented no credible facts which would suggest any bias or reason for bias by the court. Her speculations that her neighbors dislike her and might have spread some "gossip" to the court in some undisclosed manner do not provide a reasonable basis for questioning the court's impartiality requiring recusal. An objective, reasonable view of the district court's actions in this case reveals no bias. The district court made every conceivable accommodation for Roysden's pro se status, including a limited appointment of counsel to advise Roysden in an analysis of her case. The district court granted Roysden's numerous requests for extensions of time to allow Roysden to secure counsel. The district court

even went so far as to direct opposing counsel to assist Roysden in discovery matters.

Roysden contends that she could not afford the services of an expert witness and thus judgment was rendered against her. The district court had no authority to appoint an expert witness for her.  See Pedraza v. Jones, 71 F.3d 194 (5th Cir. 1995).

Roysden's sole argument on appeal concerns the failure of the district judge to recuse himself.  This argument is frivolous, and Roysden's appeal is DISMISSED.  5TH CIR. R. 42.2.