**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**February 4, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-30669
Summary Calendar

———————————

RODERICK PRESIDENT,

                                        Plaintiff-Appellant,

          versus

RICHARD L. STADLER, Individually,
and in His Official Capacity;
BARON KAYLO, Individually and in His
Official Capacity; STORE MANAGER
AVOYELLES CORRECTIONAL CENTER,
Individually and in His Official
Capacity; CLYDE BENSON, Individually
and in His Official Capacity,

                                        Defendants-Appellees.

———————————

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-655

———————————

Before GARWOOD, EMILIO M. GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Louisiana prisoner Roderick President appeals from the summary

judgment dismissal of his 42 U.S.C. § 1983 complaint alleging that

---

[*]Pursuant to 5TH CIR. R. 47.5 the Court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

he had been detrimentally exposed to environmental tobacco smoke. In dismissing his complaint, the district court ruled that President had not propounded either evidence suggesting that the exposure was the cause of his various ailments or evidence suggesting that recent changes to his prison's smoking policy were ineffective. We affirm.

President has filed before this court on appeal affidavits of several inmates, including himself, in an attempt to show that the prison's smoking policy is not enforced. These affidavits, however, do not appear in the record, and they are not referenced therein. As the affidavits were not before the district court, we will not consider them now as part of President's summary judgment evidence. *See Munoz v. Orr*, 200 F.3d 291, 303 (5th Cir. 2000). Moreover, because President gives no explanation, either in his briefs on appeal or in the record before the district court, as to why he could not file these affidavits, including his own, before the district court in support of his claim, the district court's failure to grant President's Rule 56(f) motion was not abuse of discretion. *See Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 605–06 (5th Cir. 2001).

Furthermore, because 28 U.S.C. § 1915 does not give the district court the authority to either pay or waive fees for the services President requested of the United States Marshals, the district court properly denied President's motion for leave to

perform a cotinine test.[1]  *See Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).

AFFIRMED.

---

[1] A test designed to measure the amount of nicotine a person has inhaled. We also observe that there is nothing to suggest that the results of this test could *alone* suffice to authorize the granting of any relief.