United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 27, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11037
Summary Calendar

_____

MICHAEL SCOTT BUTLER,

                                        Plaintiff-Appellant,

versus

JOHN COLE; BRIAN MUIRHEAD; WILLIAM BURTON; THOMAS BURTON; MARY
WILLEY; CHERYL BERGER; TIM CARROLL; KELLI WARD; ROBERT TREON;
RICHARD WATHEN; JAMES MOONEYHAM; RAYMOND RAMSEY; KENNETH BRIGHT;
HERMAN WESTON; TOMMY NORWOOD; STEVE PATTY; BRUCE SPERRY; INTERNAL
AFFAIRS DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION; JOHN GILBERT; ERIC MORGAN; SCOTT APPLE;
PAMELA PENCE; NFN WALLACE, Correctional Officer; SUSAN
SCHUMACHER; MARK ADKINS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-168-R
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Michael Scott Butler, Texas prisoner #574009, moves for

leave to proceed in forma pauperis (IFP) on appeal following the

certification that his appeal was taken in bad faith pursuant to

28 U.S.C. § 1915(a)(3).  Butler moves for appointment of counsel

on appeal; his motion for appointment of counsel is DENIED.  The

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

district court dismissed all but one of Butler's claims against all defendants except Sgt. Eric Morgan as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), then later granted summary judgment on the remaining claim against Sgt. Morgan and dismissed that claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Butler contends that the district court erred by denying his requests for appointment of counsel; that various defendants retaliated against him for filing grievances and writing to the warden; that his disciplinary hearings violated the Due Process Clause; that the district court erred by granting Sgt. Morgan's summary judgment motion before allowing him discovery; that the district court erred by granting Sgt. Morgan leave to file an out-of-time summary judgment motion; that the district court erred by failing to appoint an expert medical witness on his behalf; that the district court erred by granting summary judgment on his excessive-force claim against Sgt. Morgan; and that various defendants failed to stop Sgt. Morgan from using excessive force.  Butler's contentions are unavailing.

First, because Butler's action did not present exceptional circumstances, the denial of his requests for appointment of counsel was not an abuse of discretion.  *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).  Second, Butler's pleadings and his prison grievances indicated that the defendants accused of writing retaliatory disciplinary reports were not motivated by retaliatory animus.  *See Tighe v. Wall*, 100 F.3d 41,

42 (5th Cir. 1996).  Butler has failed to brief his remaining retaliation contentions.  *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  Third, no protected liberty interests were implicated in Butler's disciplinary hearings.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Fourth, the failure to grant Butler's discovery motions and his expert-witness motion was not an abuse of discretion.  *See Pedraza v. Jones*, 71 F.3d 194, 196-97 n.5 (5th Cir. 1995); *Richardson v. Henry*, 902 F.2d 414, 417 (5th Cir. 1990).

Fifth, the summary judgment evidence indicated that the injuries arising from Sgt. Morgan's use of force against Butler were de minimis and, therefore, did not violate the Eighth Amendment.  *See Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992). Butler had been seen several times for a shoulder injury before the July 13, 2001, use of force.  The prison medical staff believed that the shoulder separation about which Butler complained after the use of force was secondary to Butler's prior injury.  The medical records indicated that Butler complained about blurry vision only once, in August 2001, nearly two months after the altercation with Sgt. Morgan.  Finally, Dr. Potter reviewed the medical records and opined that any injuries arising from the use of force were de minimis.

The summary judgment evidence indicates no genuine issues of material fact.  *See* FED. R. CIV. P. 56(c).  Moreover, the evidence

indicates that Butler's excessive-force claim has no arguable basis in fact or law. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The district court did not err by granting summary judgment and dismissing the claim as frivolous.

Butler's contentions against other defendants regarding the use of force by Sgt. Morgan are derivative of the contentions against Sgt. Morgan. Because Butler has failed to show that Sgt. Morgan violated his constitutional rights, he has failed to show that other defendants failed to stop Sgt. Morgan from violating his rights.

Butler's appeal is without arguable merit and is frivolous. *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Butler's IFP motion is denied and the appeal is dismissed. 5TH CIR. R. 42.2. The district court's dismissal of Butler's claims as frivolous and this court's dismissal of the appeal count as two strikes against Butler for purposes of 28 U.S.C. § 1915(g). *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Butler is warned that the dismissal of his complaint counts as a strike for purposes of 28 U.S.C. § 1915(g), that the dismissal of his appeal counts as a second strike, and that when he accumulates three strikes he will not be allowed to proceed IFP

in any civil action or appeal unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

IFP DENIED; MOTION FOR APPOINTMENT OF COUNSEL ON APPEAL DENIED; APPEAL DISMISSED; SANCTIONS WARNING ISSUED.