United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40323
Summary Calendar

_____

DWIGHT PERKINS,

                                        Plaintiff-Appellant,

versus

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION
COMPANY DEPARTMENTS; UNIVERSITY OF TEXAS MEDICAL BRANCH; KEVIN
MOORE, Senior Warden; Unidentified WESFALL, Assistant Warden;
P.H. BUCHANNAN; P.H. MARIA BERGER; Unidentified KUYKENDALL; RN
DEFOOR; RN SELIGA,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:03-CV-304
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Dwight Perkins, Texas prisoner # 669985, appeals the

dismissal of his 42 U.S.C. § 1983 suit, in which he raised Eighth

Amendment claims related to medical problems he suffered after he

was prescribed a drug to which he was allergic.

    Perkins argues that the district court's denial of appointed

counsel should be reversed because the district court failed to

----

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

apply the "Exceptional[-]Case standard." Because exceptional circumstances were not present, the district court did not abuse its discretion in refusing to appoint counsel. See Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Because Perkins's motion for appointment of counsel on appeal fails to make the required showing, that motion is DENIED. See id. Because Perkins has not met the requirements for obtaining transcripts at the government's expense, his motion for transcript at government expense is also DENIED. See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).

Perkins also argues that the district court erred in denying his request for an expert witness. He argues that he timely requested the district court to appoint an expert witness under FED. R. EVID. 706 and that, given the complexity of his case, this court should remand the case to the district court for appointment of an expert witness.

Perkins's request for a medical expert did not meet the requirements under the Federal Rule of Evidence. See FED. R. EVID. 706. Moreover, it was undisputed that Maria Berger gave Perkins a drug to which Perkins had a known allergy, and, in light of that fact, Perkins has not explained what assistance a medical expert would have had in his case. Consequently, the district court's denial of his request for an expert was not an abuse of discretion. See Pedraza v. Jones, 71 F.3d 194, 196-97 n.5 (5th Cir. 1995).

Perkins further argues that the district court erred in denying him permission to have three witnesses appear on his behalf. He asserts that a security guard would have testified that he saw Perkins in the shower area, which was unclean, and which, Perkins asserts, could have been the cause of a staph infection from which he now suffers. He also argues that a nurse would have testified that she would have ordered that Perkins be taken to a trauma center for treatment and that an inmate would have testified regarding Perkins's pain and suffering.

The three proposed fact witnesses were cumulative and unnecessary given that other nurses were slated to testify regarding Perkins's medical condition and the fact that his suffering after receiving the sulfa drug was undisputed. Consequently, the district court's denial of Perkins's request to present these witnesses was not an abuse of discretion. See Gibbs v. King, 779 F.2d 1040, 1047 (5th Cir. 1986). The judgment is AFFIRMED.

AFFIRMED; MOTIONS DENIED.