# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-10682
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 29, 2017

Lyle W. Cayce
Clerk

TODD WAYNE SUMMERS,

Plaintiff-Appellant

v.

UNITED STATES FEDERAL BUREAU OF PRISONS (BOP); JORGE PARTIDZ, M.D.; ROBERTO ACOSTA, HSA; BRIAN ALEXANDER, PA; A. SINAVSKY, M.D.; JANE DOE, MDC Los Angeles; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:13-CV-138

Before KING, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Todd Wayne Summers, federal prisoner # 11515-091, appeals from the order of the magistrate judge (MJ) denying his motion for the appointment of counsel to represent him in his action under the Federal Tort Claims Act. Summers contends that the appointment of counsel is warranted due to the

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

need for expert testimony.  He notes that, in order to prevail on his medical malpractice claim, he must provide proof that there was a breach of the standard of care and that the breach was the proximate cause of his injury. Summers asserts that the testimony of an expert witness will be required to establish his claim, and he argues that counsel should be appointed because, due to his indigent status, he has no means to procure such an expert.

A trial court is not required to appoint counsel for an indigent plaintiff in a civil rights action unless there are exceptional circumstances.  *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).  Whether exceptional circumstances exist is "dependent on the type and complexity of the case and the abilities of the individual pursuing that case." *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).  In determining whether exceptional circumstances exist, courts consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3) the indigent's ability to investigate the case adequately; and (4) "whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination." *Ulmer*, 691 F.2d at 213.

Although medical malpractice claims may require expert testimony, *see Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008), our review shows that Summers has failed to demonstrate that the MJ clearly abused his discretion in denying his motion for the appointment of counsel.  *See Cupit*, 835 F.2d at 86.  As the MJ noted, a district court "has no authority to appoint an expert witness under [28 U.S.C. § 1915]" to assist an indigent plaintiff. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995).  Summers, however, on a pro se basis, may request that the district court appoint an expert under Federal Rule of Evidence 706, which "contemplates the appointment of an

expert to aid the court." *Hannah*, 523 F.3d at 600; *see Pedraza*, 71 F.3d at 197 n.5.

Further, to the extent that Summers argues that he should be represented by counsel because he does not have the ability to understand trial strategy, nor the ability to effectively cross-examine the defendant's witnesses, he again fails to demonstrate that the MJ's denial of the motion for appointment of counsel was a clear abuse of discretion. *See Cupit*, 835 F.2d at 86. As the MJ determined, Summers has not shown that the evidence will largely consist of conflicting testimony requiring skill in the presentation of evidence and in cross examination. *See Ulmer*, 691 F.2d at 213. Moreover, the record as a whole amply supports the MJ's determination that Summers has demonstrated an ability to adequately present his case. *See id.*

AFFIRMED.