IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20546
Summary Calendar
_____

ALEJANDRO REYES,

                                        Plaintiff-Appellant,

versus

R. TEMPLE DRIVER, Senior Judge; LAYTON DUER,
Attorney at Law; MATTHEW BOHON ALFORD,
Assistant District Attorney; MICHAEL WILKINSON,
Judge; MRS. JOHNSON, Parole Board Member;
MR. KIEL, Parole Board Member; MRS. WALKER,
Parole Board Member,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-909
--------------------
November 1, 2002

Before JOLLY, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Alejandro Reyes, Texas prisoner # 745616, appeals the lower
court's dismissal of his 42 U.S.C. § 1983 complaint under 28
U.S.C. § 1915(e)(2)(B).  He requests appointment of counsel on
appeal or, alternatively, oral argument.  These motions are

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

DENIED.  See Jackson v.  Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Reyes concedes that his claims against defense counsel Layton Duer should be dismissed.  Because Reyes challenges actions taken by the state court judges and the state prosecutor during the course of criminal proceedings, these defendants are entitled to absolute immunity.  Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994); Stump v. Sparkman, 435 U.S. 349, 362 (1978).  These defendants did not breach the plea agreement, as Reyes received the sentence recommended by the State.

Reyes asserts that his claims against the members of the parole board involve a challenge to delays in the parole process.  Texas prisoners do not have a liberty interest in parole, and Reyes "cannot complain of the constitutionality of procedural devices attendant to parole decisions."  Orellana v. Kyle, 65 F.3d 29, 32 (5th Cir 1995).  The board's use of false information in denying parole does not implicate the Constitution.  Johnson v. Rodriquez, 110 F.3d 299, 308-09 (5th Cir. 1997).

Reyes asserts that the district court erred in denying him injunctive relief.  As Reyes could not show that he would later face a similar situation, he lacked standing to ask that the defendants be ordered to protect the rights of criminal defendants.  See Society of Separationists, Inc. v. Herman, 959 F.2d 1283, 1285 (5th Cir. 1992).

Reyes asserts that the district court prematurely dismissed his petition without holding an evidentiary hearing, providing him with a questionnaire, or allowing him to amend his complaint. Because his allegations, even with the benefit of clarification, are not supported by law, this court may uphold the dismissal. Jacquez v. Procunier, 801 F.2d 789, 793 (5th Cir. 1986).

Reyes has not shown that the court abused its discretion in denying additional discovery. Richardson v. Henry, 902 F.2d 414, 417 (5th Cir. 19990). He also has not shown that the court abused its discretion in not granting his motion for appointment of counsel. Jackson, 811 F.2d at 261.

Reyes has not shown that the district court erred in dismissing his civil rights lawsuit. See Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). Consequently, the judgment of the district court is AFFIRMED.

AFFIRMED; MOTIONS FOR APPOINTMENT OF COUNSEL AND/OR ORAL ARGUMENT DENIED.