IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 24, 2007

Charles R. Fulbruge III
Clerk

No. 06-30944
Summary Calendar

BOBBY DOE

Plaintiff-Appellant

v.

UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT;
EMERALD CORRECTIONAL SERVICE; DALE DAUZAT; JOHN MATA

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:05-CV-2060

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Bobby Doe, Louisiana prisoner # 29091475, appeals from the dismissal with prejudice of his 42 U.S.C. § 1983 complaint as frivolous and for failure to state a claim upon which relief may be granted. At the time of the incidents that form the basis of Doe's complaint, Doe was a detained immigrant who was housed by the Emerald Correctional Service (Emerald) under a contract with Immigration and Customs Enforcement (ICE). On appeal, Doe argues that the district court erred by dismissing his complaint regarding his failure-to-protect

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claim. To the extent that Doe raised other claims in his complaint, he has abandoned those claims by failing to raise them on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993) (even pro se litigants must brief arguments in order to preserve them).

We review the district court's dismissal de novo. See Geiger v. Jowers, 404 F.3d 371, 373 (5th Cir. 2005); Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998). To establish his failure-to-protect claim, Doe must show that he was detained "under conditions posing a substantial risk of serious harm and that [the defendants] were deliberately indifferent to his need for protection." Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); see also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000); Hare v. City of Corinth, Miss., 74 F.3d 633, 639 (5th Cir. 1996) (en banc). Doe has failed to show that any of the defendants had the requisite knowledge that a substantial risk of serious harm existed at the time of the incident at issue in his complaint.

Doe also argues that the district court erred by denying his motion for appointment of counsel. The trial court is required to appoint counsel for an indigent plaintiff asserting a claim under § 1983 only if the case presents "exceptional circumstances." Ulmer v. Chancellor, 691 F.2d 209, 212 (5th Cir. 1982). Because the record does not indicate that this case presents such exceptional circumstances, the district court did not abuse its discretion in denying Doe's motion for appointment of counsel. See Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986).

Accordingly, the judgment of the district court is affirmed. Doe's motion for appointment of counsel in this court is denied.

AFFIRMED; MOTION FOR COUNSEL DENIED.