# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 25, 2011

No. 10-40228
Summary Calendar

Lyle W. Cayce
Clerk

EDUARDO A. TREVINO,

Plaintiff-Appellant

v.

SENIOR WARDEN ERNEST GUTIERREZ, ASSOCIATE WARDEN NORRIS JACKSON, GRIEVANCE SUPERVISOR T.M. PARKER, LAW LIBRARIAN CANDACE R. MOORE,

Defendants-Appellees

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 2:09-CV-155

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Eduardo A. Trevino, Texas prisoner # 926058, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against various prison officials at the McConnell Unit in Beeville, Texas. Trevino alleged that he was denied access to the courts by Senior Warden Ernest Gutierrez, Warden Norris Jackson, Law Librarian Candace Moore, and Grievance Supervisor T.M. Parker.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

He specifically alleged that Moore implemented a new rule pertaining to the way that library lay-in requests were to be filled out in retaliation against him because he had filed numerous grievances and a civil suit against her in the past; that Parker, as Moore's friend, supported Moore's retaliatory actions and contributed to the failure of the grievance process; and that the other defendants contributed to the denial of his constitutional rights by failing to respond properly to his grievances.

The magistrate judge, trying the case by consent, dismissed all of Trevino's claims with prejudice for failure to state a claim and as frivolous with the exception of his retaliation claim against Moore, which was retained. The magistrate judge subsequently granted Moore's motion for summary judgment and dismissed Trevino's retaliation claim against her.

Trevino now appeals the final judgment granting summary judgment and dismissing both his claim of retaliation and his claim of denial of access to the courts against Moore. He also appeals the denial of his motion to alter or amend that judgment.

Trevino contends that the magistrate judge erred in failing to apply the standard enunciated in *Turner v. Safley*, 482 U.S. 78, 89-91 (1987), when considering his claims against Moore. Although Trevino asserted in his complaint that the rule had no penological interest, he did not challenge the constitutionality of the rule but only its application by insisting that it was enforced for the purpose of retaliation. Thus, to the extent that Trevino seeks to challenge the constitutionality of the rule for the first time on appeal, we need not consider it. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Disc. Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000). Regardless, Trevino has not demonstrated that the rule itself was unconstitutional. *See Turner*, 482 U.S. at 89-91. Accordingly, he has also failed to demonstrate that the magistrate judge committed any reversible error or erred in denying his postjudgment motions on this ground.

No. 10-40228

In addition, Trevino claims that his "real complaint is the deprivation of access to all legal tools and materials" and that Moore's actions in denying him access to the law library had a chilling effect. We construe this claim as a challenge to the dismissal of his claim that Moore denied him access to the courts. Because the magistrate judge dismissed this claim both as frivolous and for failure to state a claim, we review the dismissal de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005).

A prisoner has a constitutionally protected right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). *Bounds* did not establish, however, that prisoners have a right to a law library or legal assistance. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). Rather, "prison law libraries and legal assistance programs are not ends in themselves, but only the means for assuring 'a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts.'" *Id.* at 351 (quoting *Bounds,* 430 U.S. at 825). To prevail on a claim for denial of access to the courts, Trevino had to demonstrate that he suffered actual harm, *see Lewis*, 518 U.S. at 349, but he has failed to do so. To establish that he was prejudiced by the alleged violation, Trevino had to show that his ability to pursue a nonfrivolous legal claim was hindered by the defendants' actions. *See id.* at 351-52; *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). As he failed to make that showing, the magistrate judge did not err in dismissing this claim.

We also conclude that Trevino has failed to demonstrate that the magistrate judge erred in grating summary judgment in favor of Moore on his retaliation claim. We review the grant of a motion for summary judgment de novo. *Xtreme Lashes, LLC v. Xtended Beauty, Inc.,* 576 F.3d 221, 226 (5th Cir. 2009). Summary judgment is proper if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a) (2010). Even if we disagree with the reasons given by the district court to support summary judgment, we may affirm

on any basis supported by the record. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

To state a retaliation claim, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Trevino has failed to demonstrate that Moore acted with a retaliatory intent in implementing and enforcing the library rule or that, but for the alleged retaliatory act, his requests would have been granted. Further, Trevino's assertion that Moore retaliated against him based on his history of grievances against her does not raise a viable retaliation claim. Although he contends that he has alleged a chronology of events from which retaliation may plausibly be inferred because of the numerous grievances against Moore that he filed in the past, the mere fact that an undesirable action occurred after a long history of filing grievances against Moore does not suffice to raise a plausible claim of retaliation. *See Whittington v. Lynaugh*, 842 F.2d 818, 819  (5th Cir. 1988).

In addition, although Trevino contends that the magistrate judge erred in failing to appoint him counsel because exceptional circumstances existed, the record does not support his assertion. Under the circumstances, he has failed to demonstrate that the magistrate judge abused his discretion in denying his requests for the appointment of counsel. *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

Trevino has filed numerous motions in this court, including a motion for the appointment of counsel. We do not appoint counsel in civil cases when, as here, no exceptional circumstances exist. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). All other outstanding motions also are denied.

The judgment is AFFIRMED; all outstanding motions are DENIED.