# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2013

Lyle W. Cayce
Clerk

No. 13-30592
Summary Calendar

CAREY LOUIS HOOD,

Plaintiff-Appellant

v.

KIMBERLY VESSEL, Sergeant; UNKNOWN JACOB, Lieutenant; LIBBY ROBLIN, Lieutenant; MICHELLE PIAZZA, Captain; UNKNOWN DIXSON, Major; REGINALD LADMIRAULT; DIANE PEABODY; CHAD MENZINA, Assistant Warden; JASON COLLIN; BURL CAIN, Warden,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CV-303

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Carey Louis Hood, Louisiana prisoner # 299810, moves for leave to proceed in forma pauperis (IFP) on appeal to challenge the denial of his motion for a preliminary injunction. He filed a 42 U.S.C. § 1983 complaint against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various prison officials alleging that defendants issued a false disciplinary report against him in retaliation, failed to protect him from retaliation and the issuance of a false disciplinary report, denied him due process in his disciplinary conviction and appeal proceedings, subjected him to cruel and unusual conditions of confinement in disciplinary segregation, and denied him adequate medical treatment.   He also filed a motion for a preliminary injunction to compel the defendants to release him from disciplinary segregation, expunge his disciplinary conviction, and provide him with due process in future disciplinary proceedings.  The district court denied the motion for a preliminary injunction and denied Hood leave to proceed IFP on appeal.

When, as in this case, a district court certifies that an appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3), the appellant may either pay the filing fee or challenge the court's certification decision.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  If we uphold the district court's certification that the appeal is not taken in good faith, the appellant must pay the filing fee or, alternatively, we may dismiss the appeal sua sponte under 5th Circuit Rule 42.2 if it is frivolous.  *Baugh,* 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.  Here, Hood has not demonstrated that his appeal presents any legal issues that are arguable on the merits.  Accordingly, he has failed to raise a nonfrivolous issue regarding the denial of his motion for a preliminary injunction.  *See Howard*, 707 F.2d at 220.

Hood's motion for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED as frivolous.  *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR.

R. 42.2.  His motion for appointment of counsel is also DENIED.  *See Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986).

The dismissal of this appeal as frivolous counts as a strike under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).  Hood has two other strikes.  *Hood v. Angelle*, No. 3:09-CV-950-JTT-JDK (M.D. La. Apr. 21, 2010); *Hood v. Voorhies*, No. 3:10-CV-158-JVP-SCR (M.D. La. Mar. 31, 2010).  As Hood has accumulated at least three strikes under § 1915(g), he may not proceed IFP in any civil action or appeal filed in a court of the United States while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).  Hood is further warned that any future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will subject him to additional sanctions.

MOTIONS DENIED; APPEAL DISMISSED; § 1915(g) BAR IMPOSED.