# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 28, 2023

Lyle W. Cayce
Clerk

No. 23-40213

———————

Santiago Mason Gomez,

*Plaintiff—Appellant*,

*versus*

Odunay O. Kuku; Assistant Warden LaMorris Marshall;
Assistant Warden Juan J. Nunez; Lieutenant A.
Abdulmalik; Sergeant Mis Enojosa,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-457

———————————————————————

Before Jones, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Santiago Mason Gomez, Texas prisoner # 01852089, filed a 42 U.S.C.
§ 1983 complaint in the Eastern District of Texas alleging that various
employees of the Texas Department of Criminal Justice (TDCJ) were

———————————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited circumstances set
forth in 5th Circuit Rule 47.5.4.

conspiring to have him killed; one of the means of effectuating that plan was to proclaim that Gomez had previously died, which would then allow the other inmates to kill him without repercussions. Claims involving some defendants located in the Southern District of Texas were severed and transferred to that court. The district court dismissed the allegations remaining in Gomez's complaint for failure to state a claim upon which relief may be granted and denied Gomez leave to proceed in forma pauperis (IFP) on appeal. *See* 28 U.S.C. § 1915A(b)(1). Gomez has now filed a motion for authorization to proceed IFP on appeal, which constitutes a challenge to the district court's certification that any appeal would not be taken in good faith because Gomez will not present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Gomez argues that he filed his lawsuit based on the danger to his life and that the dismissal of his action will result in his death. He also appears to assert that he had a First Amendment right to provide information about individuals responsible for contraband in the prisons, which he alleges was the impetus for the plot against him. He does not, however, address the conclusions of the district court that his vague allegations were insufficient to show that the defendants were part of a far-reaching TDCJ conspiracy or that their actions resulted in harm to him. His failure to make these arguments results in the abandonment of his claims. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Gomez does contend that the district court was biased and dismissed his lawsuit and denied him IFP status in retaliation for his assertion that he would hold the court responsible for any harm he suffers and that he should not suffer retaliation for engaging in his First Amendment rights, including his right to file the instant lawsuit. He does not present a nonfrivolous argument showing that the dismissal of his lawsuit was the result of judicial

bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Baugh*, 117 F.3d at 202.

Gomez also asserts that the district court erred in denying his request for appointment of counsel. This does not constitute a nonfrivolous appellate issue, as he has not established exceptional circumstances warranting appointment of an attorney. *See Baugh*, 117 F.3d at 202; *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Gomez's motion to proceed IFP on appeal is DENIED, and the appeal is DISMISSED. *See* 5TH CIR. R. 42.2. The dismissal of this appeal counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds*, *Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). In addition, the district court's dismissal of the original complaint for failure to state a claim upon which relief may be granted also counts as a strike. *See* § 1915(g); *Adepegba*, 103 F.3d at 388. Gomez is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).